## No. 5467.

### JOSEPH VIGO VS. A. E. CARLON, ADMINISTRATOR.

When a plaintiff has been successful in a possessory action and the defendant appeals therefrom, the appeal will not be dismissed because the defendant since his appeal has resorted to the petitory action—the bringing of such a suit does not amount to a voluntary execution of the judgment appealed from, nor abandonment thereof.

The judgment in a petitory action carries with it both the instant right to the possession of the property and the title to the same.

If the plaintiff in such action permits a party, a stranger to the litigation who purchased the property during the pendency of the suit, to remain in possession for more than a a year, peaceably and uninterruptedly his possession must be protected.

APPEAL from the Superior District Court for the Parish of Orleans. *Hawkins, J.*

---

*J. Ad. Rozier, Felix P. Poché, Joseph F. Poché* and *Charles J. Théard* for Plaintiff, Appellee.

*A. & W. Voorhies* for Defendant, Appellant.

Submitted on motion to dismiss November 30, 1874.
Opinion handed down December 14, 1874.
Rehearing on motion to dismiss refused February 10, 1875.
Argued and submitted on merits February 26, 1896.
Opinion handed down March 23, 1896. .

## ON MOTION TO DISMISS.

The opinion of the court was delivered by

WYLEY, J. The plaintiff having cast the defendant in this possessory action complains that since the defendant took the appeal herein he has brought a petitory action against the plaintiff in the Fourth District Court for the same property, and inasmuch as possessory and petitory actions can not be cumulated without consent (C. P. 55) the plaintiff contends that the suit thus brought by the defendant pending this appeal amounts to a voluntary execution of the judgment appealed from, or an abandonment thereof. He accordingly moves to dismiss the appeal for the reason stated. The position is not maintainable. Art. 55, C. P., declares that: " Petitory and possessory actions shall not be cumulated or joined together, except by consent of parties. Therefore he who is sued in a possessory action can not bring a petitory action until after judgment shall have been rendered in the possessory action, and until, if he has been condemned, he shall have satisfied the judgment given against him."

It may be that pending the controversy in this possessory action against him, the defendant had no right to bring the petitory action complained of, but the remedy was an exception to the suit, and the action of the court below on the exception to the petitory action could be revised on appeal by this court. A second suit having the same cause of action might well be barred in the court where it was brought by the plea of *lis pendens*.

But having set up in a new suit the same cause of action would be no ground to dismiss the first suit pending an appeal.

The bringing of a new suit pending this appeal, in contravention of Art. 55 C. P., can not be seriously regarded as a voluntary execution of the judgment or an abandonment thereof.

The motion is denied.

State ex rel. Presbry et als. vs. Judge.

## ON THE MERITS.

The opinion of the court was delivered by

McENERY, J. The plaintiff, as possessor of certain immovable property, enjoined the defendants from disturbing his possession. There is no dispute as to the disturbance, but defendants claim that by a decree of this court they were declared the owners of the property, and that the plaintiff purchased the property during the pendency of this litigation, establishing the title of defendants to the same, and as consequence of said purchase he is not in the peaceable and quiet possession of the property. The petitory action was instituted many years ago, and the plaintiff has been in possession of the property for sixteen years.

Under the judgment the defendants were entitled to go into possession of the property *instanter*, under the order of the court, and they were not bound to resort to a petitory action against the defendant in possession. But the defendants took no immediate steps to be put in possession, under the decree of the court, and permitted the plaintiff to remain in the peaceful and uninterrupted possession of the property for more than a year after the rendition of the judgment. His possession must be protected.

Judgment affirmed.