LAND, J.
This case was before us in 1910, and we, being of opinion that the trial judge erred in not deciding the intervention on the merits, remanded the cause for further proceedings according to law. See 126 La. 982, 53 South. 113.
■ ' The plaintiff brought a jactitation suit, based on alleged actual possession of the ¿premises and slander of his title by the defendant. The defendant, after filing several exceptions, further excepted that plaintiff was not, nor had he ever been, in possession of the timber in dispute, and averred that the defendant had itself been in possession :as owner of both land and timber for more 'than one year previous to the institution of the. suit.
The intervener then interpleaded, and set up possession in itself and authors for many years of said land and timber, and denied the alleged possession of the same by the plaintiff or by the defendant. Intervener further alleged that both plaintiff and the defendant were slandering its title.
Defendant, under reservation of its exception as to possession, set up against plaintiff title in itself, and pleaded the prescription of 10 and 30 years. Defendant filed similar pleadings against the demand of the intervener, who in turn pleaded against the title set by defendant the prescriptions of 10 and 30 years.
The result o'f the first trial has been already stated.
The case was remanded, and the judge took the ease under advisement on the record as it stood, and rendered judgment in favor of the intervener on the issues, both as to possession and as to title. Defendant alone appealed. Plaintiff has not appealed or joined in the appeal by answer. Hence as to him the judgment below cannot be disturbed.
[1] The case was properly taken under advisement by the trial judge, because it was remanded, not'because it had not been heard on the merits, but because it had not been decided on the merits. See Saint v. Martel, 127 La. 73, 53 South. 432.
The timber in dispute between the intervener and the defendant is in the N. W. % of section 54, township 12 S., range 15 E.
The intervener acquired all the cypress and saw timber on said quarter and other subdivisions of sections in February, 1907, by conditional purchase from Charles W. Moore, Robert Moore, Jr., and the minor, Leah Moore. The sales were made for part cash, and balance on terms of credit, represented by notes maturing December 1, 1907, 190S, 1909, and 1910. The deeds contained the following stipulation:
“It is distinctly agreed and understood between the parties to this act, that no timber, except such as may be necessary for a right of way for railroad across the land upon which the same rests, or any part thereof, to reach adjacent lands belonging to the Baker-Wake-field Cypress Co., Ltd., shall be deadened, cut, pulled, hauled or removed from any of the *137 lands hereinabove described and conveyed until the two first payments, represented, etc., * * * shall have been fully paid and satisfied ; the balance of said purchase price to be fully secured to the satisfaction of the holder of the said notes at that time before the removal of said timber.”
In July, 1907, the defendant, holding title under a recorded chain of conveyances going back at least to 1889, surveyed and staked several lines of tramway through the N. W. % of section 54. In August, 1907, the intervener commenced the construction of a tramway through the northern part of the same quarter section for the purpose of reaching other lands beyond the land in suit. Plaintiff instituted the present suit on September 12, 1907, and on November 30, 1907, the petition of intervener was filed. The case as made up presented the conflicting claims of the three different litigants to actual possession of the same tract of virgin timber at the same time. These contentions suggest the dubious nature of the claims of at least two of the parties to the controversy. The claim of plaintiff has been eliminated. The claim of defendant rests on the.survey and staking of the lines of a proposed tramway, and the claim of the intervener rests on the partial construction of another tramway through the same tract, as already stated. The construction work of the intervener did not impinge on the staked right of way of the defendant, and vice versa. Both parties intended merely to pass through the tract with their tramways.
[4] The purchase of the timber by intervener was subject to the condition that he paid certain notes to become due, and at the same time secured the payment of the remainder of the notes given for the price. It follows that intervener by the sale acquired no present rights of possession, and the contract could not be enforced until the event happened. C. C. 2043. Under the very letter of the conditional contract of sale, the intervener had no right to take possession of the timber for any purpose.
As a matter of fact, the intervener had no actual possession of the timber, but was merely exercising the right of way for railroad purposes granted in the acts of sale.
The question of title can be raised and determined under Act 38 of 1908.
We therefore conclude that defendant’s exception of want of possession in intervener should have been sustained.
It is therefore ordered that the judgment below as between the intervener and defendant be reversed, and it is now ordered that' the intervention be dismissed, and that intervener pay the costs occasioned by its intervention and the costs of this appeal.