(63 South. 883.)

No. 19,650.

MILLER v. ALBERT HANSON LUMBER CO., Limited.

(Dec. 15, 1913.)

(Syllabus by the Court.)

1. APPEAL AND ERROR (§ 1207*)—REMAND—SUBSEQUENT PROCEEDINGS — JACTITATION SUIT.

Where, in a jactitation suit, the issue of possession in the plaintiff and the alternative issue of title in the defendant were tried at the same time and submitted on the evidence, and the trial judge dismissed the suit on the issue of possession, and on appeal it was held that the evidence showed possession in the plaintiff sufficient to maintain the action, and the decree reversed the judgment, overruled the plea of want of possession, and remanded the case for further proceedings according to law, *held*, that the case was not remanded for a trial de novo but for judgment on the question of title on the record as made up.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4696–4699; Dec. Dig. § 1207.*]

2. ADVERSE POSSESSION (§ 13*)—ACQUISITION OF TITLE—PRESCRIPTION—COMPUTATION OF PERIOD.

Where, in a jactitation suit, the defendant set up title to the property, and the plaintiff thereupon pleaded the prescription of ten years' acquirendi causa, and the evidence showed that the plaintiff took actual possession of the premises under a patent from the state of Louisiana and for six or seven years continued to perform acts of ownership thereon by cutting and removing trees, and also paid taxes on the property, *held* that the civil possession of the plaintiff was sufficient to complete the period of ten years. Such civil possession continues until ousted by actual adverse possession.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 65, 67–76; Dec. Dig. § 13.*]

134 LA.—8

(Additional Syllabus by Editorial Staff.)

3. LIBEL AND SLANDER (§ 139*)—"SLANDER OF TITLE"—NATURE OF ACTION.

An action of slander of title is founded exclusively on possession and is a form of possessory action.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 393–396; Dec. Dig. § 139.*

For other definitions, see Words and Phrases, vol. 7, pp. 6528, 6529.]

Appeal from Twenty-third Judicial District Court, Parish of St. Mary; W. R. Gates, Judge ad hoc.

Action by the Albert Hanson Lumber Company, Limited, against Mrs. Magdalena Siegfried Miller. From judgment for plaintiff, defendant appeals. Affirmed.

Emmet Alpha, of Franklin, for appellant. L. O. Pecot and Borah & Himel, all of Franklin, for appellee.

LAND, J. This is the second appeal in this cause. See 130 La. 662, 58 South. 502. In that case we held in effect that the plaintiff had been in actual possession as owner of lots 1 and 2, section 36, township 14 S., range 10 E., in the parish of St. Mary, for a year or more prior to the institution of her jactitation suit. The trial judge had sustained the defendants' exception of want of possession and had dismissed the suit without passing on the question of title pleaded and submitted in the alternative by the defendant.

The decree rendered by us reads as follows:

"It is therefore ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed, and exception is overruled. The case is remanded to be proceeded with according to law."

It appears from the record that both parties had adduced evidence not only on the issue of possession but also on the alternative issue of title. The trial judge, having decided the first issue against the plaintiff, very properly dismissed the suit without passing on the issue of title.

The case was remanded for the purpose of enabling the judge to decide the questions of title, raised by the defendant in his answer, and the plea of prescription of ten years' acquirendi causa urged by the plaintiff.

On the remand the case was decided in favor of the plaintiff; and the defendant has appealed.

[1] The first contention of the appellant is that the judge erred in refusing to reopen the case for further evidence.

In his opinion, the judge below makes the following statement:

"After the case had thus been remanded, counsel for the plaintiff moved to fix the case for argument on the merits. To this the defendant's counsel objected, contending that the case should be set down for trial on the merits, especially urging that it had the right to cause a survey to be made of the property and the land correctly located. The question as to whether the case should be submitted on the record as made up or should be set down for trial with the right to introduce further evidence was argued and submitted under an agreement that, if the court should refuse to reopen the case for further evidence, he should proceed to decide the case on the merits.

"Counsel for the defendant admits that its sole purpose in wanting to take evidence and have the land surveyed was to prove want of possession in the plaintiffs of the land they claim to own, and that a survey of the land would show that Yellow bayou was not located as the map relied upon by the plaintiffs had located it. Then, too, that the Supreme Court in the decree (?) had suggested that no survey had been made under order of this court * * * contradictorily with the parties to this suit.

"I am of the opinion that the question of possession herein is settled and now is res adjudicata. * * * I readily bow to and accept as correct the judgment of the Supreme Court, which holds in unmistakable terms that the plaintiff was and is in possession of the land described in her petition.

"The Court said: 'From the weight of the testimony we are led to the conclusion that the plaintiff had sufficient possession to maintain her action.'"

The only question before this court on the former appeal and the only question decided, was that the plaintiffs had *sufficient possession of the property described in their petition* to maintain their jactitation suit.

The judge a quo correctly ruled that this question of possession vel non was res adjudicata and could not be reopened. The remanding of the case for further proceedings according to law left all questions on the merits, including that of the prescription of ten years, open for adjudication.

The case had been fully tried, but no judgment had been rendered on the merits. In similar cases this court has remanded the cause for further proceedings according to law; that is, for judgment on the record as made up. In such a case a new trial is properly refused. See Saint v. Martel, 127 La. 73, 53 South. 432; La Barre v. Burton-Swartz Cypress Co., 130 La. 134, 57 South. 655. In the latter case we said:

"The case was properly taken under advisement by the trial judge, because it was remanded, not because it had not been heard on the merits, but because it had not been decided on the merits."

### On the Merits.

[2] The defendant, having set up title to lands in the possession of the plaintiffs, occupies the position of a plaintiff in a petitory action.

The judge a quo held that the plaintiffs had acquired title to the land in controversy by the prescription of ten years.

Bernard Miller purchased the land from the state of Louisana in 1879 and went into actual possession. After his death his widow and heirs were sent into possession by a decree of court and in September, 1908, filed the present suit to protect their possession.

Defendant claims title through the heirs of one Leo Tarlton, but the record does not show that they ever exercised any acts of ownership over the property or paid any taxes thereon. The judge a quo was of opinion that the legal title to the land in dispute was in Tarlton's heirs, who sold to defendant in the year 1903, but held that Miller had acquired the title by the prescription of ten years. In his opinion the judge a quo says:

"That Miller took possession of the land and has since been in the open, peaceable, and pub-

lic possession of the land to the exclusion of all others has been decided by the Supreme Court. His good faith, which the law presumes in his favor, has not been questioned. Therefore all the elements that go to make up a prescriptive title apply in this case."

The judge a quo was mistaken in the statement that this court on the former appeal had *decided* the question of *prescriptive* possession. It is true, however, that the facts stated in the opinion of this court on the former appeal lead to the conclusion that Miller was in actual possession of the premises from 1882 to 1908 and paid taxes thereon. But the decree of the court was limited to the fact of possession for more than a year preceding the institution of the jactitation suit. No other issue was before the court, and the decree cannot be enlarged by expressions or statements in the opinion relative to issues not then before the court.

[3] This suit was filed on September 16, 1908, and our former decree is conclusive that the plaintiffs had been in possession of the premises for more than one year previous to that date. Code of Practice, art. 49. The action of slander of title is "founded exclusively on possession" and "is a form of the possessory action." See Williams' Heirs v. Zengel, 117 La. 607, 608, 42 South. 153.

"The right to sue for slander of title is conferred on the one in possession. If he is not in possession he must fail." South La. Land Co. v. Riggs' Cypress Co., 119 La. 198, 43 South. 1003.

In the leading case of Dalton v. Wickliffe, 35 La. Ann. 355, the court said:

"'The object of the action,' said Judge Porter, 'is to protect possession and to give it the same advantages when disturbed by slander as by actual intrusion. * * *' See Livingston v. Heerman, 9 Mart. (O. S.) 714."

It follows that the plaintiffs were in possession of the property in the years 1907 and 1908.

Defendants' counsel, in commenting in their brief on the statement in our former opinion that "from 1882 to 1900 work was done on the place for the owner," say:

"The use of the figures '1900' (by the court) was a clerical error. Anthony Miller was the last witness who cut upon the Lake front. He did no cutting later than 1890, and there is no pretense in this record that any occupancy of the property has been shown later than that year."

Defendants' counsel argue from these premises that plaintiff's possession expired in 1900, because the plaintiff has failed to exercise any possession for ten years. Civ. Code, art. 3444.

The evidence shows that Miller, after his purchase of the land in question, had the same surveyed and the boundary line marked and from 1883 to 1890, inclusive, cut and used trees on the tract for building a barn, for bridges, posts, and fuel for his sugar house. Miller paid the taxes on the property from 1886 to 1907, both inclusive. Miller died in August, 1907, and the tract was inventoried in 1908 as a part of his estate, and his widow and heirs were put in possession of the same by judgment of a competent court. It appears that in 1905 Miller made a contract with J. D. Elrich, agent, for the sale of the cypress timber on the tract.

Article 3492 of the Civil Code reads as follows:

"The actual possessor, when he proves that he has formerly been in possession, shall be presumed also to have been in possession in the intermediate time."

This article is under the section treating of the prescription of ten years. Hence there was no necessity for the plaintiffs' proving possession between the years 1890 and 1900 as contended for by the defendant.

Article 3487, in the same section, reads in part as follows:

"(1) That the possessor shall have held the thing in fact and in right, as owner; when, however, it is only necessary to complete a possession already begun, the civil possession shall suffice, provided it has been preceded by the corporeal possession."

Under the terms of this article, the ten years' possession of Miller was completed in the year 1893.

Counsel for defendant cites article 3444 of the Civil Code, under the title "Of Possession," to the effect that the possessor is supposed to retain always his intention to retain possession," unless a third person has usurped or taken from him the possession, *or he has failed to exercise an actual possession for ten years*" (italics ours). This last clause has no application to cases of possession in good faith, under color of title, where such possession was corporeal in the beginning. Such a case is governed by article 3478 et seq. relative to the prescription of ten years.

Even in the case of the prescription of 30 years, based on the corporeal possession of immovables, *without title or good faith*, it is provided that such possession may be preserved by external and public signs, announcing the possessor's intention to preserve the possession of the property, as the keeping up of roads and levees, the payment of taxes, and other similar acts. Article 3501. A fortiori the intention to retain possession under a just title in good faith may be preserved by the payment of taxes or other similar acts. In Leonard v. Garrett, 128 La. 535, 54 South. 984, this court held that civil possession follows possession by occupancy until ousted by adverse actual possession. It follows that the last clause of article 3444 is not applicable to possession under a just title, where it was corporeal in the beginning, or to possession without title, where it has been preserved by external and private signs as provided in article 3501.

The last clause of article 3444 may find its application in cases where possessors, without color of title, have not preserved their possession as provided in article 3501.

The case of Albert Hanson Lumber Co.,

130 La. 772, 58 South. 567, was a possessory action, in which the plaintiff failed to show actual possession.

Judgment affirmed.