(64 South. 128.)

No. 19,846.

A. V. NEILSON CO., Limited, v. SIESS et al.

(Jan. 5, 1914.)

*(Syllabus by the Court.)*

1. DISMISSAL AND NONSUIT (§ 65*)—SUMMARY PROCEEDING.

The trial court is without authority to dismiss a summary proceeding where defendant makes no objection to the form of proceeding.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 160; Dec. Dig. § 65.*]

2. APPEAL AND ERROR (§ 1178*)—DISMISSAL OF ACTION—REVERSAL.

Where a case has proceeded regularly to trial on the merits, and is dismissed, ex proprio motu, by the court, because the proceeding should have been regular, and not summary, and there has been no judgment on the merits of the cause, the judgment will be reversed, and the case remanded, to be proceeded with in accordance with law. Saint v. Martel, 122 La. 93, 47 South. 415; Id., 127 La. 73, 53 South. 432; Labarre v. Burton-Swartz Cypress Co., 126 La. 982, 53 South. 113; Id., 130 La. 134, 57 South. 655; Miller v. Albert Hanson Lumber Co., 134 La. 225, 63 South. 883.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4604–4620; Dec. Dig. § 1178.*]

Appeal from Fourteenth Judicial District Court, Parish of Avoyelles; G. H. Couvillon, Judge.

Action by the A. V. Neilson Company, Limited, against Mrs. Mina Siess and others. Judgment for defendants dismissing the action, and plaintiff appeals. Reversed and remanded.

Coco & Couvillon, of Marksville, for appellant. J. C. Cappel, of Marksville, for appellees.

SOMMERVILLE, J. Plaintiff proceeded against defendants by rule to compel the cancellation of a certain inscription from the records of the mortgage office, resulting from the recordation of an inventory in the succession of A. Rich, and operating upon the property of the defendants, as widow, as tutrix of her children, and of the then minor heirs.

Defendants answered by general denial, and the trial of the case was regularly proceeded with on the merits. The court has entered the following judgment:

"The said plaintiff not being entitled to the right of a summary action to test the defendants' mortgage by rule, the court, therefore, ex proprio motu, dismisses plaintiff's action, with costs."

The plaintiff has appealed.

[1, 2] The judgment will be reversed. The form of proceeding was not objected to by defendants, and it is incompetent for the court to suggest and substitute a technical defense to the form of proceeding, and replace the real defense set up by defendants in their general denial. The defendants met the issues and went to trial on the merits of the cause, and both parties are entitled to a judgment on the merits. This the trial judge has not given. In similar cases this court has remanded the causes for further proceedings according to law; that is, for judgment on the record as made up. Saint v. Martel, 122 La. 93, 47 South. 415; Id., 127 La. 73, 53 South. 432; Labarre v. Burton-Swartz Cypress Co., 126 La. 982, 53 South. 113; Id., 130 La. 134, 57 South. 655; Miller v. Albert Hanson Lumber Co., 134 La. 225, 63 South. 883.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; it is further ordered, adjudged, and decreed that this case be remanded to the trial court, to be there proceeded with in accordance with law. Costs of appeal to be paid by defendants.