(126 So. 547)

**HAAS et al. v. CURRIE.**

No. 29139.

Feb. 3, 1930.

Rehearing Denied March 5, 1930.

K. Hundley, John L. Pitts, Jr., and Hawthorn & Stafford, all of Alexandria, and Stubbs & Thompson, of Monroe, for appellants.

John W. Lewis, of Opelousas, for appellees plaintiffs.

BRUNOT, J.

This is a suit for the possession of property. The plaintiffs allege title to the property, possession thereunder for more than thirty years, and a disturbance of their possession in fact and in law, within a year of the institution of this suit. They also allege that defendant has cut and removed timber from their property of the value of $3,000, and they pray for an injunction restraining the defendant from further trespassing upon the property and for judgment against him for $3,000. A restraining order and rule to show cause was obtained and served upon the defendant, and, after proceedings were had, which need not be recited here, a preliminary injunction issued.

The defendant, in his answer, denies the plaintiffs' ownership and possession of the property; alleges that the Kellog Lumber Company is owner of the timber on the land described in the petition; that he is an employee of the Kellog Lumber Company; and that the plaintiffs have caused him damage in the sum of $1,250 by the wrongful issuance of the injunction restraining him from cutting and removing the timber from the land. His prayer is for the dismissal of the plaintiffs' suit and for judgment in his favor and against the plaintiffs for $1,250 and costs.

The Kellog Lumber Company and Mrs. H. E. Currie filed a joint intervention and third opposition, in which they set up title to the property in Mrs. H. E. Currie and title in the Kellog Lumber Company, as the vendee of Mrs. Currie, to all merchantable timber on the land. They allege and pray for damages and the dismissal of the suit, and call the warrantors of Mrs. Currie's title to the property, in warranty. These warrantors answered the call in warranty and joined the interveners in attempting to convert the suit into a petitory action, by alleging their chain of title. Motions, filed by plaintiffs, to strike out, were referred to the merits and, indirectly, disposed of by the judgment which was later rendered. The case was tried and judgment was rendered in favor of the plaintiffs, maintaining their possession of the property, and perpetuating the injunction, restraining the defendant from further cutting or removing timber therefrom, dismissing the interventions, and nonsuiting the plaintiffs as to their claim for damages. The interveners and warrantors appealed.

■ This suit is clearly a possessory action, hence neither the defendant, interveners, or warrantors can convert it into a petitory action without the consent of the plaintiffs. C. P. art. 55, is as follows: "Petitory and possessory actions shall not be cumulated or joined together, except by consent of parties. Therefore, he who is sued in a possessory action can not bring a petitory action until after judgment shall have been rendered in the possessory action, and until, if he has been condemned, he shall have satisfied the judgment given against him." This article being amended by Act. No. 202 of 1920.

We cite in this connection C. P. arts. 149 and 150; St. Amand v. Long, 25 La. Ann. 166; Vigo v. Carlon, 48 La. Ann. 665, 19 So. 682; Houssiere Latreille Oil Co. v. Jennings-Heywood Oil Syndicate, 115 La. 123, 38 So. 932; Grant Timber & Mfg. Co. v. Gray, 131 La. 865, 60 So. 374.

■ The only questions at issue in actions of this kind are, therefore, the possession of the plaintiffs, as owners, for more than a year prior to the disturbance, the fact of disturb-

ance, and the timely filing of the suit. The cutting and removing of the timber from the land and the timely filing of this suit are admitted. As to the plaintiffs' possession of the property, it is abundantly proven that plaintiffs and their authors in title have had continuous possession of it, as owners, for approximately thirty years. To review this testimony would be a useless waste of time, for the sole reliance of the interveners and warrantors, in their defenses to the suit, is predicated upon their alleged titles to the property, and the question of title cannot be considered in a purely possessory action. In Producers' Oil Co. v. Hanszen et al., 132 La. 698, 61 So. 754, 757, this court said: "As this is simply a possessory action, we cannot go into an investigation of the title of plaintiff or of that of defendants."

Actual possession of a part of a tract of land with title to the whole, and with intention to possess according to title, is possession of the whole. Leonard v. Garrett, 128 La. 542, 54 So. 984.

Civil possession follows possession by occupancy until ousted by adverse actual possession.

The intention to possess presumes the civil possession where actual possession has ceased, even though property is not inclosed. Sallier v. Bartley, 113 La. 400, 37 So. 6; Jones et al. v. Goss et al., 115 La. 926, 40 So. 357; C. C. art. 3429.

It is shown that from time to time plaintiffs have had corporeal possession of a part of the property.

We find no error in the judgment appealed from, and, for the reasons stated, it is affirmed at appellants' costs.

THOMPSON, J., recused.