No. 782

First Circuit

PLUMB ET AL. v. HAMMOND LANDS, INC.

(May 5, 1931. Opinion and Decree.)

Rownd & Warner, of Hammond, attorneys for plaintiffs, appellees.

B. and M. Purser, of Amite, and Reid & Blache, of Hammond, attorneys for defendant, appellant.

LeBLANC, J. This case was before us on a previous occasion when it was remanded to the lower court for completion of the record. See 14 La. App. 496, 130 So. 257.

As stated in the original opinion, the controversy is over the ownership of a tract of land of approximately 80 acres which before formed part of a larger body of about 2400 acres. The defendant had called his vendor, Columbus Reid, in warranty, and the latter in turn had called on his author, J. Barney Arnold, to come and defend the title which he had warranted to him. The plaintiffs set out a chain of title dating as far back as the United States government, and the defendant and warrantors relied on a plea of prescription of ten years with title and possession for more than that period of time. Proper offers of the title were made, but were not filed in the record. The record comes back before us with all deeds relied on by the defendant and warrantors supplied, but none furnished by the plaintiffs. As we are able, however, with the title deeds submitted, to pass on the plea of prescription, which presents the only issue in the case, we will dispose of it without further delay.

The deeds supplied in the record on behalf of the defendant and its warrantors in title conform to the offers made by them on the trial of the case. They appear to be regular in form, and are not questioned. They show a title in J. Barney Arnold, as far back as November 8, 1902, on which day he purchased a large tract containing 1,090 acres, in which the tract in dispute was included, from George E. Dunn. The 80-acre tract is then iden-

tified in various deeds from that time on to January 2, 1926, on which day it was sold and transferred by Judge Columbus Reid, who had title to it, to the present defendant. As already stated, the deeds are not at all questioned, and the issue resolves itself into one of possession.

On question of possession, quite a bit, if not most, of the evidence relates to acts performed by George E. Dunn, a few years prior to the year 1902, when Arnold purchased from him. Dunn, however, as far as the record discloses, did not have title to any of the property, and may therefore be considered as having been a mere trespasser. For that reason, whatever acts of possession were shown through him can avail the defendant and these warrantors nothing.

The testimony, as we view it, does, however, show acts of possession exercised by Arnold after he had acquired title from Dunn in 1902. He states that he cut all of the timber from off the land, and, as we construe his testimony further, he hauled it to a sawmill that was being operated at the time by the Hammond Lumber Company. He says that this was about two or three years before he sold to Judge Reid. We presume he refers to the sale made by him in 1914 to the Hammond Realty Company, of which Judge Reid was secretary and treasurer. Arnold's testimony is not contradicted.

According to Judge Reid, upon the acquisition of the entire body of land by the Hammond Realty Company, boundaries were fixed and stakes put down, dividing a portion of it into twenty-acre tracts. Roads were built, and he especially refers to a road which "was run east and west which cut straight through the south of this particular 80 acres of land mentioned."

On the entire tract, there were several farms in cultivation, and as late as 1917 or 1918 they were logging timber on it. After that, cross-tie timber was sold from off of it, and, as late as 1922 or 1923, a man by the name of Webb, who operated a woodyard at Hammond, bought and removed from it some stove wood. Under such facts it seems clear that there was such possession that the law presumed the intention of possessing the whole body of land included in the title. Relative to the extent of possession, article 3437 of the Revised Civil Code provides as follows:

"It is not necessary, however, that a person wishing to take possession of an estate should pass over every part of it; it is sufficient if he enters on and occupies a part of the land, provided it be with the intention of possessing all that it included within the boundaries."

Then there is also article 3498, which reads:

"When a person has a title and possession conformably to it, he is presumed to possess according to the title and to the full extent of its limits."

To cite decisions sustaining the well-recognized rule of law formulated from the above article of the Revised Civil Code, that actual possession of a part of a tract of land with title to the whole and intention to possess according to the title is possession of the whole would be merely adding unnecessary length to this opinion. Especially pertinent to the present case is the ruling to that effect laid down in the cases of Leonard v. Garrett, 128 La. 535, 54 So. 984; Eivers' Heirs v. Rankin's Heirs, 150 La. 4, 90 So. 419; and Haas v. Currie, 169 La. 1041, 126 So. 547.

We believe that Arnold's testimony, which we accept as showing the cutting

and delivery of timber from off the very land in controversy, coupled with those of the subsequent title holders showing actual possession of the greater portion of the larger body of land in which this tract was included, is sufficient to support the plea of ten years' prescription on which the defendant relies.

The plaintiffs do not appear to have exercised any acts of ownership or possession whatever, except the payment of taxes, which of itself is not sufficient to constitute corporeal possession. Searles v. Costillo, 12 La. Ann. 203; Chamberlain v. Abadie, 48 La. Ann. 587, 19 So. 574.

The district judge assigned no reasons for judgment, but evidently came to the conclusion that the defendant and its authors in title had not shown the possession required to maintain the plea of ten years' prescription acquirendi causa, as he rendered judgment in favor of the plaintiffs, recognizing them to be the owners under their title, and ordering the cancellation of the titles through which the defendant claims the property. He also decreed judgment against Columbus Reid and against J. Barney Arnold on the calls in warranty made on them. Our consideration of the testimony, of course, leads to a different result, and it follows that the judgment will have to be reversed.

It is therefore ordered that the judgment herein rendered by the district court be, and the same is hereby, set aside, annulled, and reversed, and it is now ordered that there be judgment in favor of the defendant, Hammond Lands, Inc., and in favor of Columbus Reid and J. Barney Arnold, both called in warranty, sustaining the pleas of prescription of ten years filed by them, and rejecting the demands of the plaintiffs at their cost in both courts.