(139 So. 12)

TREMONT LUMBER CO. v. POWERS & CRITCHETT LUMBER CO. et al.

No. 30417.

Nov. 30, 1931.

Rehearing Denied Jan. 4, 1932.

A. D. Flowers, of Jena, and Hawthorn, Stafford & Pitts, of Alexandria, for appellants.

Theus, Grisham, Davis & Leigh, of Monroe, and P. S. Gaharan, Jr., of Jena, for appellee.

OVERTON, J.

This is a suit to be decreed the owner of one hundred and sixty acres of land, lying in the parish of La Salle, and to enjoin defendants from trespassing on the property. The issues presented are as to whether the titles of the defendant, the Powers & Critchett Lumber·Company, are simulated, as to whether a plea of ten years' prescription, acquirendi causa, filed by plaintiff, should be sustained, and likewise whether pleas of ten and twenty years' prescription, filed by the Powers & Critchett Lumber Company, should be upheld.

The trial judge found that the record did not disclose that the titles of the Powers &

Critchett Lumber Company were simulated, but found sufficient evidence to sustain the prescription of ten years, filed by plaintiff, and, to overrule the prescriptive pleas, filed by the Powers & Critchett Lumber Company, and upon sustaining plaintiff's plea of prescription, recognized plaintiff as the owner of the land and timber thereon; perpetuated the injunction against the Powers & Critchett Lumber Company and its agents; and rendered judgment in favor of that company against its warrantor, H. M. Price, for $5,000. The Powers & Critchett Lumber Company and its individual members have alone perfected an appeal to this court. The remaining defendants have made no appearance here.

James N. McCartney entered the land under the homestead laws of the United States, commuted the entry, and received a certificate, calling for a patent, on August 13, 1902, and a patent on August 8, 1905. Shortly after the issuance of the certificate, namely, about September, 1902, it is urged by plaintiff that McCartney sold the land to the Standard Lumber Company, through which it acquired. While the circumstances would seem to indicate such a transfer, nevertheless it is a matter of no great importance here whether it was made or not, since it was never recorded in the conveyance records, and therefore was ineffective as to third persons, buying on the faith of the public records. McDuffie v. Walker, 125 La. 152, 51 So. 100.

The Standard Lumber Company, whether it had title or not, sold the land, on September 25, 1906, to the Louisiana Lumber Company, by deed recorded in the conveyance records on October 8, 1906. The Louisiana Lumber Company, on October 1, 1906, five days after its purchase from the Standard Lumber Company, leased, by written contract, the cleared part of the land with the buildings thereon to Hugh Esskew, at a rental of $1 a month,

for a period of six months, with the option of taking it for another six months. Esskew occupied the property for about six months, and then left it.

The Louisiana Lumber Company sold the land to plaintiff on May 12, 1910, by deed recorded on July 12, 1910.

On April 20, 1927, approximately seventeen years after plaintiff purchased from the Louisiana Lumber Company, McCartney having died in 1923, his widow, Delia McCartney, and three of his children deeded their alleged undivided interest in the land to Amos C. Worner. In the same month and year Ena McCartney, wife of D. J. Francis, another child of McCartney, also deeded her alleged undivided interest in the land to Worner, and in the same month and year Mrs. McCartney, as tutrix of the minor heirs of McCartney, deeded their alleged undivided interest in the property to Worner.

On April 21, 1927, Worner deeded the land to Henry M. Price, and, on November 16, 1927, Price transferred the merchantable pine timber on it to the Powers & Critchett Lumber Company for the recited consideration of $5,000 cash. Therefore, by this deed, the Powers & Critchett Lumber Company acquired what title Price may have had to the timber, while Price remained the owner of such title as he may have acquired to the land. As Price, though a party to the suit, has not appealed from the judgment rendered, and has asked for no relief from that judgment, the title to the timber alone is before us.

We find it unnecessary to pass upon the simulation of the titles under which the Powers & Critchett Lumber Company claims. In our opinion, plaintiff's plea of prescription of ten years is well founded in fact and in law. This plea rests upon the fact that, when the Louisiana Lumber Company acquired the property from the Standard Lumber Company in September, 1906, it immediately leased a part of the tract, and its tenant, Esskew, immediately took possession of the part leased, and held it openly for some six months, to the knowledge of McCartney, by living on the property, and upon the further facts that following the sale of the property by the Louisiana Lumber Company to plaintiff, in 1910, plaintiff regularly, in the language used in the timber world, cruised the property, caused the lines to be run, caused the blazes on the trees, showing the lines, to be renewed, guarded the land from the depredations of trespassers, removed fallen and dead timber from the property, and paid the taxes on the land and timber regularly.

■ The actual possession acquired by the Louisiana Lumber Company of a part of the property, through its tenant, Esskew, was, in law, possession of the whole, since plaintiff held under a deed defining the boundaries of the land, with the intention, which is presumed in the absence of evidence to the contrary, to possess the entire tract. Civ. Code, arts. 3437, 3498; Sallier v. Bartley, 113 La. 400, 37 So. 6; Leonard v. Garrett, 128 La. 535, 542, 54 So. 984.

■ When actual possession is once acquired, although the act by which it was acquired has ceased, the presumption is, unless a contrary intention clearly appears, that the intention of retaining the possession acquired exists. Civ. Code, arts. 3442, 3443, 3444; Miller v. Albert Hanson Lumber Co., 130 La. 662, 58 So. 502. Such contrary intention not appearing, the presumption is that the Louisiana Lumber Company retained the intention to possess until it sold to plaintiff.

■ The sale by that company to plaintiff carried with it, as an incident, the right to the benefits of the possession acquired by the company, so that its possession may be added

to its vendee's possession. Civ. Code, arts. 3493, 3494.

■ After plaintiff had acquired title, the various acts of possession, performed by it, and the payment of taxes by it, mentioned above, show an affirmative and positive intention to retain the possession acquired. This is so as to the prescription of thirty years, as appears by article 3501 of the Civil Code, and all the more do such acts show such an intention as to the prescription of ten years. Miller v. Albert Hanson Lumber Co., 134 La. 225, 231, 63 So. 883.

■ All that is necessary in the prescription of ten years, touching possession, barring certain matters, unnecessary to consider at the present, is that the possession must be corporeal in the beginning. Thereafter civil possession will suffice. Civ. Code, art. 3487. To say the least, the prescription in this instance complies fully with that requirement.

■ The Powers & Critchett Lumber Company, however, urges that the possession of the Louisiana Lumber Company, acquired through Esskew, as its tenant, was clandestine, and therefore, under article 3487 of the Civil Code, was insufficient. This contention seems to be based upon the fact that the lease to Esskew was not recorded, and that no one could tell under whom he had taken possession, if under any one.

So far as relates to the prescription of ten years, it was unnecessary that the lease be recorded, or that it be a written one, or, to answer another point made by that company, that there was any intention that the consideration of $1 a month be paid. The fact is that Esskew was living on the property openly, to the knowledge of the neighborhood, including McCartney, who, according to the Powers & Critchett Lumber Company. was the owner of the property up to his death, sev-

enteen years later. This possession was adverse to McCartney. It furnished, of itself, the means of ascertaining by what right, or for whom, Esskew held possession. Such possession, so far as we are aware, has always been deemed open.

■ The Powers & Critchett Lumber Company, however, urges that the possession held by plaintiff was not under a deed translative of property, and therefore is of no avail as to the prescription of ten years, as provided by article 3479 of the Civil Code. This position rests upon the principle, established by article 2464 of the Civil Code, that, in contracts, the consideration must not be so small as to be out of all proportion to the value of the thing.

The consideration, recited in the deed by which plaintiff acquired from the Louisiana Lumber Company, is $1 and other valuable considerations. The consideration or cause appearing in this deed is one that may be said not to have been expressed. "An agreement is not the less valid, though the cause be not expressed." Civ. Code, art. 1894. If the cause expressed does not exist, yet the contract cannot be invalidated, if the party can show the existence of a true and sufficient consideration. The party is not called upon to prove a true and sufficient consideration, unless the consideration is attacked in the pleadings. Read v. Hewitt, 120 La. 288, 45 So. 143; Helluin v. Minor, 12 La. Ann. 124. The Powers & Critchett Lumber Company has not attacked the consideration in its pleadings. No evidence has therefore been adduced on the question. In these circumstances, the law presumes that there was a sufficient consideration.

We now reach the pleas of prescription, filed by the Powers & Critchett Lumber Company. Some of the evidence adduced in support of that company's plea of prescription of ten years encroaches upon plaintiff's plea of

ten years, and should be considered in rebuttal to it. This plea rests, in part, upon Esskew's possession of the property as a tenant. The contention is that before Esskew took possession he went to McCartney and made arrangements to take possession. As a consequence, it is urged that the possession of Esskew was that of McCartney, or, to say the least, of that of both McCartney and plaintiff. This contention is supported by the evidence of only one witness in the case. While the trial judge, in. a well-considered written opinion, did not expressly say so, yet it is manifest that he considered the evidence of this witness, on this point, greatly outweighed by the facts and circumstances of the case, and we think correctly so.

The same witness also testified that, at a later date, another person, with the permission of McCartney, lived in the house on the property for about a month or six weeks. The cross-examination of this witness, however, discloses that, so far as relates to McCartney's permission, the evidence is purely hearsay, and is entitled to no weight.

▇▇ Evidence was also introduced showing that, several years after Esskew had vacated the property, McCartney went upon it, tore down the house that he erected on it, when it was his homestead claim some years before, and used the lumber in erecting improvements on another place he had purchased. It may be observed, however, that this house, which originally cost about $175, was obviously, after the lapse of time, in its unoccupied state, unfit for habitation, and that McCartney, in doing what he did, had no intention of resuming possession of the place as owner or otherwise. In fact, during the twenty-one years in which McCartney lived, after he left the property in 1902, there is no evidence whatever tending to show that he paid taxes on it, or took care of the property, but rather to the contrary, and, although he sold, some time after leaving the property, other property to plaintiff, it does not appear that he made any effort to sell the valuable timber on the property in contest to plaintiff or to any one else. In fact, there is testimony to the effect that he, more than once, after leaving the place, said that he had sold it. We are satisfied that McCartney, after vacating the place, never claimed possession of it as owner or otherwise. There is no other evidence to sustain this plea of prescription, and the foregoing evidence does not sustain it, nor does it seriously affect plaintiff's plea of prescription.

The prescription of twenty years, filed by the Powers & Critchett Lumber Company, is too vaguely pleaded to be noticed, and is not mentioned in the brief of that company. So far as we are able to ascertain, it has no pertinency in this case.

Our conclusion is that plaintiff's plea of prescription of ten years was properly sustained. Plaintiff held possession, under a just title, in good faith, for more than the required ten years. The writ of injunction was properly granted, as there is evidence of trespass.

The judgment is affirmed.