196 So.2d 555 (1967)
MANSON REALTY COMPANY, Inc.
v.
Abel M. PLAISANCE.
No. 2519.
Court of Appeal of Louisiana, Fourth Circuit.
March 6, 1967.
Rehearing Denied April 3, 1967.
*556 Sumter D. Marks, Jr., and Charles M. Lanier, New Orleans, for plaintiff-appellant.
Graffagnino & Konrad, A. J. Graffagnino, Metairie, and Gordon K. Konrad, Gretna, for defendant-appellee.
Before McBRIDE, BARNETTE, and JANVIER, JJ.
JANVIER, Judge.
Plaintiff brought this action to enjoin Defendant from trespassing on land claimed by it in Elmwood Subdivision, Jefferson Parish, and to remove certain shacks and fences Defendant had allegedly erected on the property. Such an action is authorized by LSA-C.C.P. art. 3663 which provides, inter alia:
"Injunctive relief, under the applicable provisions of Chapter 2 of Title I of Book VII, to protect or restore possession of immovable property or of a real right, is available to:
* * * * * *
(2) A person who is disturbed in the possession which he and his ancestors in title have had for more than a year of immovable property or of a real right of which he claims the ownership, the possession, or the enjoyment."
Defendant answered alleging he had been in possession of the tract in question for one year prior to the filing of the suit. The district judge concluded, as do we, that Defendant had not been in possession of the property for a year preceding the institution of this suit. On this question, in his reasons for judgment, the district judge stated:
"It is undisputed that the defendant constructed sheds, fences and occupied the property for at least five months preceding the institution of this suit. The nature and extent of his possession, prior to this time, is somewhat vague and indeterminate. It primarily involved the grazing of his cattle on this unenclosed and undeveloped property; occasional cutting of the grass; and other similar incidental actions, which likewise do not present an outward manifestation of the intent to and actual possession of the property."
However, the district judge found that Plaintiff itself had not been in actual possession for more than a year prior to the filing of the action, and therefore was barred from bringing it. We do not agree that Plaintiff was not in possession. The record discloses Plaintiff performed the following acts with respect to the property: granted a pipeline servitude to United Gas Pipeline Company, which pipeline was actually laid in 1950, and has been in continuous operation since then, with the company clearing the right-of-way approximately two or three times a year; that Plaintiff has paid state and parish ad valorem taxes; has granted mineral leases, although no actual drilling operations have been conducted and that intermittently Plaintiff had conducted inspections of the property.
Admittedly the laying of the pipeline and the use and maintenance thereof are the only acts of corporeal possession; the others evidencing only civil possession.
As Plaintiff is the record owner of the property, possession of part of the tract through the pipeline would constitute possession of the whole. Vidrine v. Vidrine, 14 La.App. 484, 130 So. 244; Haas v. Currie, 169 La. 1041, 126 So. 547; Jones v. Goss, 115 La. 926, 40 So. 357.
It is proper for us to take into consideration that Plaintiff is the record *557 owner because this does not constitute an improper cumulation of the possessory and petitory actions since Plaintiff has brought neither a petitory nor a possessory action but rather one for injunctive relief under LSA-C.C.P. art. 3663. See Churchill Farms v. Gaudet, 184 La. 984, 168 So. 123. Although Plaintiff, under the above-cited article, must prove that he was in possession, the language of the article is to the effect that he may claim the ownership of the immovable property or real right.
When one claiming possession has title, the requirements for establishing possession are simpler than those which are required of a mere trespasser. In Lecomte v. Smart, 19 La. 484, the Supreme Court, in a possessory action, said:
"If the defendant had have taken possession of the land under an apparent title, we should regard slight acts as evidence of an intention to take possession, but when a man without any pretense of title goes upon land which he is informed is claimed by another, he must show unequivocal and continued acts of possession for more than a year, to maintain a plea of prescription. (Emphasis added.) (The Code of Practice of 1825, article 49 also provided that a possessory action must be brought by one who had been in possession for more than a year previous to the disturbance thereof.)
The following appears in a Tulane Law Review article thoroughly discussing the possessory action:
"It is difficult to set forth definite rules which will determine whether there is actual and real possession in any given case. Where the possessor has a title and is in good faith, the requirements for showing possession should be fewer than where the possessor has no title, and therefore is a usurper or trespasser who is obviously in bad faith." 20 Tul.L.Rev. 524, 530.
Here, considering that Plaintiff was the record owner and that the land was undeveloped, we feel that the continuous operation of a pipeline and the continuous maintenance thereof was sufficient evidence of corporeal possession.
It is also noteworthy that the pipeline under Plaintiff's land extends under the land of the Defendant trespasser who is the title owner of a tract of land on which he resides, adjacent to the one claimed by Plaintiff and that Defendant granted a similar right-of-way for the same pipeline, indicating knowledge on his part that the pipeline on Plaintiff's land has been in operation.
However, assuming arguendo that the laying of the pipeline in 1950 was the only act of actual possession on the part of the Plaintiff, we conclude that its acts of civil possession subsequent to the commencement of the acts which evidenced corporeal possession were sufficient to enable it to bring this action. Defendant contends, however, that according to LSA-C.C. art. 3444, Plaintiff's failure to exercise actual possession for ten years means that it was out of possession at the time the suit was filed.
LSA-C.C. art. 3444 provides:
"To retain the possession of a thing when a man once has it, it is not even necessary that he should have such positive intention; a negative intention suffices, that is, it suffices that the positive intention, which he had in acquiring the possession, shall not have been revoked by a contrary intention; for, so long as this revocation does not take place, the possessor is supposed always to retain his first intention, unless a third person has usurped or taken from him the possession, or he has failed to exercise an actual possession for ten years." (Emphasis added.)
That the final clause of the above quotation has no application here is made evident by the decision of the Supreme Court *558 in Miller v. Albert Hanson Lumber Co., 134 La. 225, 63 So. 883, in which the Court said:
"Counsel for defendant cites article 3444 of the Civil Code, under the title `Of Possession,' to the effect that the possessor is supposed to retain always his intention to retain possession, `unless a third person has usurped or taken from him the possession, or he has failed to exercise an actual possession for ten years' (italics ours). This last clause has no application to cases of possession in good faith, under color of title, where such possession was corporeal in the beginning. Such a case is governed by article 3478 et seq. relative to the prescription of ten years.
"Even in the case of the prescription of 30 years, based on the corporeal possession of immovables, without title or good faith, it is provided that such possession may be preserved by external and public signs, announcing the possessor's intention to preserve the possession of the property, as the keeping up of roads and levees, the payment of taxes, and other similar acts. Article 3501. A fortiori the intention to retain possession under a just title in good faith may be preserved by the payment of taxes or other similar acts. In Leonard v. Garrett, 128 La. 535, 54 So. 984, this court held that civil possession follows possession by occupancy until ousted by adverse actual possession."
We conclude, therefore, that Plaintiff was disturbed in the possession which it had for more than a year prior to such disturbance; that it brought this action within a year of such disturbance and is thus entitled to relief under LSA-C.C.P. 3663.
Counsel in oral argument before this court stated that it was agreed that the hearing in the lower court on the preliminary and the permanent injunctions be held at the same time. Therefore it is ordered that a permanent injunction be issued enjoining Defendant, his family, and those under his immediate control, from trespassing on Plaintiff's property and it is ordered that Defendant remove all structures which he has erected on said property; Defendant to pay all costs in both courts.
Judgment reversed and rendered.