AYRES, Judge.
The subject of this petitory action is the title to a described 48-acre tract of land. Both plaintiff and defendant base their respective claims primarily upon recorded instruments constituting chains of title. Defendant, in addition, relies upon pleas of prescription acquirendi causa of 10 and 30 years under the provisions of LSA-C.C. Arts. 3478 and 3499.
Based upon a finding that plaintiff had the more ancient title and a conclusion that defendant had failed to establish a prescriptive title to the property, there was judgment recognizing plaintiff as the owner of the property. Defendant prosecutes a suspensive appeal and, for a reversal of the judgment, relies primarily upon its pleas of prescription.
Plaintiff’s chain of title begins with an instrument dated February 1, 1904, wherein L. C. Fowler sold the property to J. T. Pardue. Through various subsequently executed instruments, this chain of title culminated in J. M. Bunn, plaintiff’s father. Plaintiff’s assertion of ownership is based upon a partition of his father’s estate wherein plaintiff claims to have acquired title to the property under date of January 4, 1958.
Defendant’s chain of title begins with a deed from M. Pardue to J. W. Beach dated August 8, 1920. The record reflects that Beach sold the property by deed dated April 28, 1923, to A. D. Garner. Thereafter, under date of January 5, 1942, Garner, joined by his brothers, J. F. Garner and L. B. Garner, conveyed this tract, including other lands, aggregating 1,149 acres, to A. J. Hodges. Under date of December 31, 1945, Hodges and his children transferred this tract of land, including additional acreage aggregating 5,632 acres, to defendant, A. J. Hodges Industries, Inc.
Abstract of title filed in evidence discloses that the land involved was acquired on June 1, 1861, by Martin D. McDonald through a patent from the United States Government. There are no conveyances of record from McDonald, nor are there conveyances of record of this property to either L. C. Fowler, through whom plaintiff claims, or to M. Pardue, through whom defendant claims. (The Jackson Parish Courthouse, then located at Vernon, Louisiana, was shown to have burned and the public records contained therein destroyed in a fire of September 25, 1878.) Thus, it is impossible to determine which of the two chains of title first emanated from the patentee or from some subsequent vendee of his. Viewed in this respect, the question of whether plaintiff or defendant had a more ancient title is insoluble.
Therefore, as heretofore noted, the paramount issues are those presented by defendant’s pleas of prescription. Tersely stated, “He who acquires an immovaable in good faith and by just title prescribes for it in ten years.” LSA-C.C. Art. 3478. The acquisition of an immovable by prescription is predicated upon possession. Possession of an object the title to which may be acquired by prescription of 10 years must be in good faith and as owner on the .part of the possessor under a title legally sufficient in form to transfer title, and such possession must continue during the period required by law. LSA-C.C. Arts. 3479 and 3487.
An examination of the record in this case discloses that the deeds in defendant’s chain of title, beginning with that from M. Pardue to J. W. Beach dated August 8, 1920, are regular and valid on the face of each and meet the requirements of LSA- *271 C.C. Art. 3484 with respect to the term “just title’’ and of LSA-C.C. Art. 3485 with respect to their sufficiency to transfer the ownership of the property.
From the testimony of the several witnesses who lived as neighbors to Beach or in the vicinity of the property, it is established that during Beach’s ownership, he lived upon and occupied the property as a home for himself and family and that he conducted farming operations thereon. Hence, his actual corporeal possession has been amply established. Moreover, during his occupancy, Beach, under date of February 11, 1922, executed a mineral deed covering the property to Dr. D. E. Brown.
A. D. Garner, after his purchase from Beach on April 28, 1923, was shown to have had personal control and supervision of the property from the date of his acquisition to the sale of the property on January 5, 1942, to A. J. Hodges. He is shown to have sold the timber thereon on January 19, 1929, which was subsequently resold and eventually cut and removed.
Hodges, upon his acquisition of the property from Garner, took possession of and exercised control and dominion over it. By an instrument dated March 16, 1944, he granted a 50-foot right of way across the property for the installation of a high-pressure gas transmission pipeline. A. J. Hodges Industries, Inc., after its acquisition of the property on December 31, 1945, sold another right of way 100 feet wide across the property for another high-pressure gas transmission pipeline. These rights of way were cleared and, by operations conducted annually, have been kept free from all timber growth. Moreover, damages to the remainder of the property occasioned by the constructions on the rights of way have been collected by the Hodges corporation.
During the years of 1947, 1948, 1952, 1955, and 1959, timber was sold by defendant and subsequently cut and removed from the property. Through efforts of defendant, the property was surveyed, the corners established and marked by the placement of 2-inch iron pipes. The lines were “blazed” and subsequently painted. The corners and lines have been periodically checked and maintained; observations have continued for possible trespasses.
It was shown by stipulation that no assessment or tax payment records are available in Jackson Parish for the years preceding 1922; that, with respect to the property herein involved, taxes were assessed and paid for the year 1922 in the name of J. W. Beach; for the years 1923 through 1941, in the name of A. D. Garner; for the years 1942 through 1945, in the name of A. J. Hodges; for the years 1946 through 1959, in the name of A. J. Hodges Industries, Inc.; for the years 1955 and 1956, in the name of E. B. Bunn, plaintiff, and the other six heirs of J. M. Bunn, deceased; and for 1958 and 1959, in the name of E. B. Bunn. This, therefore, discloses a dual assessment on the property from 1955 through 1959, inclusive. As a possible explanation for the limitation of time with reference to the proof of the assessment and payment of taxes, it may be noted that this action was filed on March 11, 1959.
The good-faith possession of Beach, Garner, Hodges, and A. J. Hodges Industries, Inc., has been neither questioned nor controverted but is presumed. LSA-C.C. Art. 3481. Moreover, actual corporeal possession begun by Beach has continued without cessation or interruption in his and all subsequent vendees of the property including the defendant, A. J. Hodges Industries, Inc. La Caze v. Boycher, 80 So. 2d 583, 588 (La.App., 1st Cir. 1955).
LSA-C.C. Art. 3442 recites:
“When a person has once acquired possession of a thing by the corporal [sic] detention of it, the intention which he has of possessing, suffices to preserve the possession in him, although he may have ceased to have the thing in actual custody, either himself or by others.”
*272 Thus, where actual corporeal possession began more than 10 years prior to the filing of suit, such possession may be continued by acts of civil and constructive possession. Louisiana-Delta Hardwood Lumber Co. v. Johnson, 19 So.2d 687 (La.App., 2d Cir., 1944—writs refused); Neilson v. Haas, 199 So. 202 (La.App., 1st Cir. 1940—writs refused).
A possessor is permitted to add to his own possession that of his author-in-title to make up the required time necessary to prescribe. For example, LSA-C.C. Art. 3493 provides:
“The possessor is allowed to make the sum of possession necessary to prescribe, by adding to his own possession that of his author, in whatever manner he may have succeeded him, whether by an universal or particular, a lucrative or an onerous title.”
It was accordingly held in Barnett v. Botany Bay Lumber Co., 172 La. 205, 133 So. 446, 448 (1931):
“The possessor may add to his own possession that of his vendor, if both acquired in good faith. Civ.Code, art. 3493; Innis v. Miller, 10 Mart. (O.S.) 289, 13 Am.Dec. 330.”
This holding is in accord with the provision of LSA-C.C. Art. 3494 which defines the word “author,” as used in the immediately preceding article, to mean “the person from whom another derives his right, whether by a universal title, as by succession, or by particular title, as by sale, by donation, or any other title, onerous or gratuitous.” “Thus,” continues the article, “in every species of prescription, the possession of the heir may be joined to that of the ancestor, and the possession of the buyer to that of the seller.”
As already noted, the several possessions have succeeded each other without interruption and without any intervening interval. Therefore, the defendant is accorded the privilege of tacking on to his possession the possession of his authors-in-title. LSA-C.C. Art. 3494.
The prescription of 10 years ac-quirendi causa, under LSA-C.C. Art. 3478, is not affected by the interruption of an actual possession once begun if followed by continuous civil possession. LSA-C.C. Art. 3487; Tremont Lumber Co. v. Powers & Critchett Lumber Co., 173 La. 937, 139 So. 12 (1931); Barnett v. Botany Bay Lumber Co., supra; Wilcoxon v. Rogers, 16 La. 6 (1840); Ellis v. Prevost, 13 La. 230 (1839).
The privilege of tacking on to one’s possession that of a predecessor-in-title is likewise applicable to pleas of 30 years’ prescription under LSA-C.C. Art. 3499 when there is privity of contract between the possessor and his vendor or predecessor. “Privity” in such instances denotes merely a succession of relationship to the same thing whether created by deed or other act or by the operation of law. Noel v. Jumonville Pipe and Machinery Company, 245 La. 324, 158 So.2d 179 (1963); Stutson v. McGee, 241 La. 646, 130 So.2d 403 (1961); Delatte v. Petit, 252 So.2d 733 (La.App., 1st Cir. 1971-writs refused); Sattler v. Pellichino, 71 So.2d 689, 695 (La.App., 1st Cir. 1954); Ford v. Ford, 34 So.2d 301 (La.App., 1st Cir. 1948).
Judging the facts of this case as reviewed hereinabove by the aforesaid principles of law, the conclusion is inescapable to us that defendant’s pleas of 10 and 30 years’ prescription are meritorious and should have been sustained. In view of this conclusion, it is unnecessary to determine whether the character of possession as evidenced by the acts of A. J. Hodges and of A. J. Hodges Industries, Inc., are, of themselves and independently of the possession of their predecessors-in-title, sufficient to constitute actual corporeal possession to support a plea of prescription of 10 years.
*273 For the reasons assigned, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is further ordered, adjudged, and decreed that defendant’s pleas of 10 and 30 years’ prescription acquirendi causa under LSA-C.C. Arts. 3478 and 3499 be, and the same are hereby, sustained; and accordingly
That the defendant, A. J. Hodges Industries, Inc., be, and it is hereby, recognized and decreed the owner and, as such, entitled to' the possession of the following-described property, to-wit:
West thirteen (13) acres of SE V4 of SE 14 and SW V4 of SE Vi, less five (S) acres, described as W 14 of SW Vi of SW Vi of SE Vi, Sec. 8, T. 15 N., R. 1 W., Louisiana meridian, Jackson Parish, Louisiana.
It is further ordered, adjudged, and decreed that plaintiff-appellee, E. B. Bunn, be, and he is hereby, cast for the costs of this action, including the cost of this appeal.
Reversed and rendered.