293 So.2d 885 (1974)
Albert J. WARD, Sr., et al.
v.
STANDARD MATERIALS, INCORPORATED.
No. 9787.
Court of Appeal of Louisiana, First Circuit.
April 22, 1974.
*886 Michael F. Little, New Orleans, for appellants.
Stephen A. Duczer, Slidell, for appellee.
Before LOTTINGER, BLANCHE and de la HOUSSAYE, JJ.
de la HOUSSAYE, Judge.
This is a suit for a preliminary and permanent injunction brought under the provisions of Article 3663 of the Code of Civil Procedure, which provides, in part, as follows:
"Injunctive relief, under the applicable provisions of Chapter 2 of Title 1 of Book VII, to protect or restore possession of immovable property or of a real right, is available to:
"(1) A plaintiff in a possessory action, during the pendency thereof; and
"(2) A person who is disturbed in the possession which he and his ancestors in title have had for more than a year of immovable property or of a real right of which he claims the ownership, the possession, or the enjoyment."
Suit was filed on August 8, 1973, by plaintiff seeking this injunction and damages for alleged disturbance of their possession by Standard Materials Incorporated during the later part of August, 1972. Defendant is the mineral lessee of property contiguous to the property belonging to appellants.
Defendant filed a peremptory exception alleging prescription of one year, which exception was referred to the merits. An answer was also filed by defendant denying all of the allegations of the petition.
At the trial of the rule to show cause on the preliminary injunction and upon Appellants' resting their case, Appellee made an oral motion to dismiss the rule which was granted by the court on the ground that plaintiff had not presented any evidence to show that the defendant "... was planning to do anything further to cause any further damage to ..." plaintiffs. (T-77).
We feel that the trial judge was in error in granting the motion to dismiss. This action is not under LSA-C.C.P. Art. 3601, which provides a showing of irreparable injury but under Art. 3663 which does not require all of the elements of an ordinary injunction. Indian Bayou Hunting Club, Inc. v. Taylor, 261 So.2d 669 (La.App. 3rd Cir.-1972). The Official Revised Comments of Article 3663 of the Code of Civil Procedure reads as follows:
"(a) This article makes no change in the law.
"(b) Injunctive relief is made available in two separate and distinct types of cases: (1) as an ancillary remedy in a possessory action; and (2) as the relief to be granted in an injunction suit brought to enjoin trespassers and other disturbers, and which is neither a possessory nor a petitory action. See Churchill Farms v. Gaudet, 184 La. 984, 168 So. 123 (1936)."
Under Art. 3663 and the Jurisprudence, we have found no requirement that *887 a fear of future disturbance be shown before the issuance of an injunction. The requisite proof for an injunction is possession of the property for more than one year prior to the disturbance, that a disturbance occurred, and that suit was filed within one year of the disturbance. See: Manson Realty Co. v. Plaisance, 196 So.2d 555 (La.App. 4th Cir.-1967); Babington Children Trust v. Eimer, 271 So.2d 648 (La.App. 1st Cir.-1972), writs granted 274 So.2d 390 (La.); Indian Bayou Hunting Club, Inc. v. Taylor, supra.; Loeblich v. Garnier, 113 So.2d 95 (La.App. 1st Cir.-1959).
Appellee contends that the judgment must be upheld because the action was not commenced within one year of the disturbance and that appellants did not show possession of the property. There were no reasons, either oral or written, given by the judge concerning these factual determinations. The record does reflect, from the testimony of Mr. Albert J. Ward, Sr. (TR. 72-73), and Mr. Albert J. Ward, Jr. (TR. 86, 89), that defendant entered onto their property during the early part of September 1972, and damaged trees. Mr. Albert Ward, Jr. also testified that in July (1972), defendants again entered upon his property and left a load of sand, congesting the drainage and causing erosion of a ramp. (TR. 68, 69). It was also testified to by Mr. Joseph J. Krebs, Jr., a surveyor, that his survey indicated disturbances of plaintiff's property.
Appellee cites Davis v. Caluda et al., 260 So.2d 772 (La.App. 4th Cir.-1972) as controlling under the facts of this case. Here, plaintiff failed to show peaceable possession of the land for one year prior to the disturbance. This case is distinguishable from the case at bar because plaintiff did not possess the property under color of title.
The record of this case reveals that appellants placed two mobile homes on the property, built a boat shed, cut grass and paid property taxes on the property. Appellants are the record owners of the property, and, as such, possession of part of the tract constitutes possession of the whole. Manson Realty Company v. Plaisance, supra., Vidrine v. Vidrine, 14 La.App. 484, 130 So. 244 (1st Cir.-1930); Haas v. Currie, 169 La. 1041, 126 So. 547 (1930); Jones v. Goss, 115 La. 926, 40 So. 357 (1906). When one claiming possession has title, the requirements for establishing possession are simpler than those which are required of a mere trespasser. LeComte v. Smart, 19 La. 484 (1841); 20 Tul.L.Rev. 524, 530; Manson Realty Company v. Plaisance, supra.
Suffice it to say that we feel that a prima facia case has been made by appellants but this court does not have the evidence of appellee, since the motion to dismiss was granted prior to the presentation of appellees' case. Accordingly, the judgment of the district court is hereby reversed and remanded for a determination not inconsistent with this judgment.
Appellee also seeks to have the peremptory exception of prescription, which was referred by the trial court to the trial of the merits, to be heard during the rule for the preliminary injunction. Although 929 of the Code of Civil Procedure provides that "... the peremptory exception when pleaded before answer, shall be tried and decided in advance of the trial of the case ...", the Official Revision Comments of this article makes it clear that this decision is within the trial court's discretion:
"(b) ... The rules enunciated in the above article with respect to the trial of the peremptory exception do not interfere in any way with the trial judge's discretion in such cases. They merely prevent the defendant's using dilatory tactics in filing the exception after answer, and then insisting upon the trial of the exception in an effort to delay the trial of the case on its merits."
Also, the record shows no attempt by appellee to have this exception set for trial at *888 any time nor does it show any refusal by the judge to hear the exception during the rule for the preliminary injunction. Accordingly, we can find no abuse of the judge's discretion in this matter. Costs of this appeal to be determined upon final disposition of the case on its merits.
Judgment reversed and remanded.