Porter, J.
delivered the opinion of the court. The plaintiff sued Thomas Graham &— Way, in an action of trespass—there was judgment against Graham, and he appealed.
The first question presented, is on a bill exceptions taken to the refusal of the judge a quo to permit Way, one of the persons against whom suit was brought, to be sworn on the part of the defendant Graham.
The petition states, that the witness offered is a citizen of Natchitoches—and the record *290 does not show service of citation on him. It does not appear that any proceedings were had against him, nor indeed could any be legally had against him in the court where this action was commenced: for it was a personal one, and he could not be sued out of his parish.
There is no doctrine more clearly established than that one co-trespasser may be a witness for another. The books, which treat of evidence, all recognise it.—Phillips' Ev. 31; Peake, 159. It has been so decided in this state, on principles drawn from our own law. 4 Martin, 28. The objection goes to his credit, not to his competency.
It is also equally a well settled doctrine, that the circumstance of separate suits having been commenced against trespassers, does not affect the right which each one enjoys, to call for the testimony of the other. Phillips' Ev. 32; Peake, 159. And that, where they are even co-defendants in the same suit, if there is slight evidence or none against one, he may be sworn as a witness for the others. Peake, 160; Espinasse's Nisi Prius, A. E. vol. 1, p. 2. Phillips on Evidence. 61-62. Where suit has been commenced against several, and (as *291 in this case) service has only been made on one, the rule is to admit, as witnesses, those who are not cited to appear as parties. 10 Johnson, 21. Binney, 316.
The books in which this doctrine is found, it is true, are not of authority here, but they are evidence what enlightened men think on these subjects, and as they are in strict conformity with common sense, and our own ideas of justice, and are opposed to (6 Martin, 670,) no principle of our law—we willingly adopt them. It would indeed be a most inconvenient doctrine, and one that might be used to work great injustice, were we to hold that the plaintiff could arbitrarily make the witnesses of defendant parties in the suit, and thus cause an injury inflicted on them, the means of working an injustice to others.
In the case before us, the witness offered was made defendant in the petition, but no process was ever served on him, as far as the record enables us to know that fact, and we cannot receive information of it from any other source: he was not, therefore, a party, and there was no legal ground for objecting to him as incompetent. Had he even been cited, the evidence against him was so slight, *292 that he might well have been sworn to testify for the other defendant.
Baldwin & Bullard for the plaintiff, Thomas for the defendant.
If we consider the case, as it turned out in evidence, one of contract, not of tort, there would be still less ground for holding the witness incompetent; for it appears, he entered on the premises as agent for Graham, and had no interest, as far as we can discern, either directly or indirectly in the matter at issue.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and that this cause be remanded to the district court for a new trial, with directions to the judge not to reject Way as a witness, because he was included in the petition, and a party in the cause. It is further ordered, adjudged and decreed, that the plaintiff and appellee, pay the costs of this appeal.