ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* MOORE.

Opinion delivered July 8, 1907.

ADVERSE POSSESSION—ADJOINING TRACTS.—One who takes actual possession of one of two adjoining tracts of land under a deed conveying both of them does not acquire constructive possession of the other tract, though it is unoccupied, if the legal title to the two tracts are in different persons.

Appeal from White Chancery Court; *Jesse C. Hart*, Chancellor; reversed.

*T. M. Mehaffy* and *J. E. Williams,* for appellant.

Under the agreed statement of facts there was no adverse possession by appellee. There can be no constructive adverse possession of land without actual possession of some part of it; and again, where different parties own two adjoining tracts of land, and a third party comes into possession of the land of one under a deed purporting to convey the land of both, his actual possession of the one tract is not constructive possession of the other. 73 Ark. 344. See also 67 Miss. 761; 2 L. R. A. 277; 18 Ore. 126; 5 Pet. 354; 60 N. Y. St. Rep. 1; 3 Rich. (S. C.) 101; 12 N. H. 9.

*J. N. Rachels,* for appellee.

RIDDICK, J. This action was brought by the St. Louis, Iron Mountain & Southern Railway Company to quiet its title to the following 40-acre tract of land towit: the S. W. ¼ of N. W. ¼ of sec. 13 T. 7 N., R. 7 west, lying in White County, Arkansas.

The defendant appeared, and denied title of plaintiff, and set up adverse possession for more than seven years. The evidence showed that the railway company held a patent from the United States conveying to the company the land in controversy.

The agreed statement of facts shows that one William Old died in 1879 in possession of an improvement on land in section 13 and in the southwest quarter of section 14; that in a proceeding to partition this land formerly held by Old the court ordered it sold, and by some oversight perhaps included the S.

W. ¼ of the N. W ¼ of sec. 14 in the order of sale, that being the land in controversy. The land owned by Old, together with the land in controversy, was sold and conveyed to one Stayton under this decree. Stayton and those holding under him have claimed the land under this conveyance since 1881, and have occasionally paid taxes on it, the railroad paying most of the time. The defendant holds under Stayton. He and those under whom he holds have had actual possession of the land originally improved by Old, but no actual possession of any part of the tract now claimed by plaintiff.

The chancellor was of the opinion that under the agreed statement of facts the defendant was now the owner of the land, and he therefore dismissed the complaint for want of equity.

We have set out so much of the facts as we deem necessary. This court has recently held that there can be no constructive adverse possession of land against the owner when there is no actual possession of any part of his land. *Haggart* v. *Ranney*, 73 Ark. 343. When one takes possession of one of two adjoining tracts of land under a deed conveying both tracts to him, if the actual title to the two tracts are in different persons, his actual possession of one tract will not give constructive possession of the other so as to oust the owner of that tract. The reason for this is that in such a case the possession of one tract is no notice to the owner of the other tract that his land is claimed adversely. If the law were otherwise, one by buying a small tract and taking a deed conveying the adjacent unimproved lands with the tract bought might, by taking possession of the tract bought, become constructively in the possession of the land without any visible act to notify the owners thereof of such adverse claim.

As there was no actual possession of any part of plaintiff's land by defendant or those under whom he holds, there was as to plaintiff no constructive possession thereof. Of course, had defendant and those under whom he held paid the taxes on these lands continuously for over seven years before the commencement of this action, they might have acquired title under the seven-year tax payment statute, for this would have notified

the owner of the adverse claim, but that was not done.   And the facts here are not sufficient to bar the action of the plaintiff. We are therefore of the opinion that the land belongs to plaintiff, and that its title should be quieted, and that a decree should be entered in favor of defandant for all taxes paid by himself or those under whom he holds.

Judgment reversed and cause remanded for further proceedings