(76 South. 816)

No. 20876.

SESSIONS et al. v. TENSAS RIVER PLANTING CO. et al.

(June 30, 1917. Rehearing Denied Nov. 26, 1917.)

*(Syllabus by Editorial Staff.)*

1. ADVERSE POSSESSION ⬤⟿27—PRESCRIPTION —EVIDENCE OF POSSESSION.

Evidence of the occasional cutting of cordwood would not support a finding of title by prescription, where the witnesses were not positive whether the wood was taken from the land in dispute or from an adjoining plantation.

2. ADVERSE POSSESSION ⬤⟿16(1), 22 — PRESCRIPTION—ACTS CONSTITUTING POSSESSION.

That some of the neighbors thought a tract of wooded swamp land formed part of an adjoining plantation was not an act of possession, nor was the fact that cows were allowed to roam in the swamp.

3. ADVERSE POSSESSION ⬤⟿100(1)—PRESCRIPTION—EXTENT OF POSSESSION — POSSESSION OF PART AS POSSESSION OF WHOLE.

To acquire title by prescription, under the principle that possession of part with title to the whole is possession of the whole, the lands · of which a part is possessed must be the lands sought to be acquired by prescription, and not some other land.

Appeal from Tenth Judicial District Court, Parish of Concordia; N. M. Calhoun, Judge.

Action by Anna M. Sessions and others against the Tensas River Planting Company and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Dale, Young & Dale and R. D. Calhoun, all of Vidalia, for appellants. G. P. Bullis and Philip Hough, both of Vidalia, for appellees.

PROVOSTY, J. The property in dispute in this case is a tract of 797 acres of wooded swamp land. Plaintiff traces title to the patentee. Defendant claims title by the prescription of 10 years. According to the registered titles the land is bounded on the east and south by the Bellina plantation. Defendant claims that by deeds translative of property it formed part of Bellina plantation for more than 10 years before the filing of this suit. This plantation was originally owned by Frederick Stanton. At his death it passed to his heirs, and all the sales that have since been made, except the recent ones to defendant and its immediate author in title, have been among the descendants of Stanton, or, in other words, in the family. Plaintiff contends that of the three essentials for the prescription of 10 years, namely, title, possession, and good faith, defendant has not one.

[1-3] There is much to sustain that contention; but as defendant has clearly not had such possession as could support prescription, we will base our decision on that. The only acts of possession which defendant pretends to consist in the occasional cutting of cordwood, and even as to these acts the witnesses are not positive. They admit that the cordwood may have been taken from that part of Bellina plantation south of the land in dispute. The fences to which some of the witnesses have referred were those of the neighboring plantations. The fact that some of the neighbors thought the land formed part of Bellina plantation is not an act of possession. Nor is the fact that cows were allowed to roam in the swamp. For any serious pretense at possession plaintiff has to invoke the principle that possession of part with title to the whole is possession of the whole. But even conceding, for the argument, that defendant's title covered this land in dispute, the said principle would be inapplicable to the case, because the land of which a part must have been possessed in order that that principle should come into play is the land sought to be acquired by prescription, and not some other land. The idea is that if the owner sees any one in possession of any part of his land he is put upon notice. But an owner is not thus put upon notice, and prescription cannot run against him, unless some one is in possession of some part of his land. Without such actual possession of a part of the land the possession of the entire tract follows the title. In Moore Planting Co. v. Morgan Railroad Co., 126 La. 880, 53 South. 22, this court said:

"Until his possession is disturbed he does not have to concern himself with any claims that other people may be recording against his property. Registry is for the benefit of those who wish to contract with reference to property— to inform them of the condition of the title to the property with reference to which they are about to contract—and was never designed to operate as a means of disturbing or ousting the possession of the owner of the property."

See, also, 1 R. C. L. 729; 2 C. J. 239; and also the following, cited in plaintiff's brief, but which we have not taken the trouble to verify: Turner v. Moore, 81 Tex. 206, 16 S. W. 929; St. L., I. M. & S. R. R. v. Moore, 83 Ark. 377, 103 S. W. 1136, 119 Am. St. Rep. 142; Bailey v. Carleton, 12 N. H. 9, 37 Am. Dec. 190; Steedman v. Hilliard, 3 Rich. (S. C.) 101; Schmitt v. Traphagen, 73 N. J. Eq. 399, 69 Atl. 189, 133 Am. St. Rep. 739; McNeeley v. South. Penn. Oil Co., 52 W. Va. 640, 44 S. E. 508, 62 L. R. A. 562; Arnold v. Abeles, 98 Ark. 367, 135 S. W. 833.

The receivers of the defendant company have been made parties to this suit.

Judgment affirmed.