*208
 
 BRUNOT, J.
 

 The above-entitled consolidated cases are petitory actions. The plaintiffs in each case have-appealed from a judgment sustaining a plea of ten years’ prescription acquirendi causa and dismissing the suit. The respective plaintiffs, in the suits, seek to recover certain undivided interests in 318.53 acres of land situated in the parish of St. Landry. The plaintiffs in the Barnett suit claim to be the owners of a %4 interest in the property, and in the other suit, Eva May Suiter alleges ownership, in herself, of a %4 interest therein. The combined interests claimed by the plaintiffs in both suits is i%4, or %2 of the whole. The defendants’ ownership of the remaining
 
 s/12
 
 interest in the property is not questioned in either suit.
 

 The defendants and the plaintiffs, in both suits, trace their titles to a common author. The plaintiffs in the Barnett suit acquired title to their alleged interests in the property by purchase from Joseph O. Gustafson and Joseph R. Danel. It is alleged that Joseph C. Gustafson acquired the interest he conveyed to the plaintiffs, in the Barnett suit, by inheritance from his mother and his aunt, Felicia Hollier. Joseph Danel is the half-brother of Eva May Suiter, the plaintiff in the other suit, their mother having married twice. The interest that Joseph Danel conveyed to the plaintiffs in the Barnett suit, and the interest in the property asserted by Eva .May Suiter in the other suit, is alleged to have been acquired by them by inheritance from their mother and their aunt, Felicia Hollier. The mother of Joseph O. Gustafson, the mother of Joseph Danel and Eva May Suiter, and Felicia Hollier were sisters and the sole heirs of the common author.
 

 The defendant acquired the entire property from the St. Landry Realty Company, Limited, by deed recorded. May 31, 1918. The St. Landry Realty Company, Limited, acquired the same property from Howard Cole, by deed recorded November 11, 1907. Howard Cole acquired the same property from Marie Hollier, the mother of Joseph Danél and Eva May Suiter, with full warranty of title, by deed dated April 26, 1902, and recorded May 29, 1902. Following the description of the property in the deed, there appears the following recital: “And being the same property acquired by inheritance from my father and from my sister Felicia Hollier.”
 

 It appears that Marie Hollier survived her two sisters, Sidonia Gustafson and Felicia Hollier, and, as Felicia Hollier died intestate and without forced heirs, Marie Hollier was the nearest surviving collateral relative of her said deceased sister.
 

 On April 14, 1902, Felicia Hollier executed the following private writing:
 

 “State of Louisiana, Parish of St. Landry
 

 “April 14, 1902.
 

 “For consideration received I hereby transfer, assign and set over unto Marie H. Hollier, my one half interest, I have or may have, by inheritance from my father Raphael Hollier in and to a tract of swamp land, being the S. W.
 
 Yi
 
 of S. W.
 
 Yi
 
 and the E.
 
 Yz
 
 of S. W.
 
 Yi
 
 & W.
 
 Yz
 
 of S. E.
 
 Yi
 
 of Sect. 19 and the E.
 
 Yz
 
 of N. W.
 
 Yi
 
 of N. E.
 
 Yi
 
 Sect. 24, in T. 6 S., R. 5 E. La. Mer., South west District.
 

 “I also hereby authorize said Marie H. Hollier to redeem said land from the State of Louisiana for her own account.
 

 “Felicia her X mark Hollier
 

 “Witnesses':
 

 “J. L. Skinner
 

 “A. C. Sibley”
 

 
 *210
 
 The foregoing instrument was not acknowledged, but it was recorded in the parish of St. Landry May 10, 1902. This instrument, however, need not be considered, for it appears that Felicia Hollier died between the date of its execution and the date of the deed from Marie Hollier to Howard Cole, and it is recited in that deed that one-half of the property conveyed by it was acquired by Marie Hollier, by inheritance, from Felicia Hollier.
 

 The pleadings present several interesting questions, one of which has never, heretofore, been presented to this court. Counsel, both in brief and argument, has exhaustively presented it, and particularly asked us to adjudge it, in this opinion. • We find, however, as did the trial judge, that defendants’ plea of ten years’ prescription aequirendi causa is well founded, and, as this conclusion terminates the litigation as to both suits, it is not necessary to consider any other issue.
 

 The defendant in these suits, and its vendor, the St. Landry Realty Company, Limited, respectively, acquired the property involved in good faith, for a valid consideration, and by a title on its face translative thereof. The St. Landry Realty Company, Limited, acquired the property from Howard Cole .November 9, 1907. A short time thereafter it had the land surveyed and its boundaries marked. It had the property assessed to it annuaUy for the eleven succeeding years and it paid the taxes thereon. In 1910 the St. Landry Realty Company, Limited, acquired a tract of land adjoining the land involved. In 1913 it took actual possession of both tracts, and, on the last-acquired tract, it built and operated a sawmill, boarding house, store, office, and tenant houses. It built and operated a logging railroad that traversed a part of the land in dispute, from east to west. It openly, peaceably, and publicly cut and removed the merchantable timber from the land.- It maintained steam skidders thereon to facilitate its timber operations, and it ran its logging trains over its tracks on said property at more or less frequent intervals from 1914 to 1918, at which time, it sold the property to .the defendant herein. Beginning with its acquisition of the property, the defendant had continuous, actual, peaceful, public, uninterrupted possession of it from that date until the filing of these suits. It has continued the operation of the mill plant and its appurtenant railroads, and it has annually cultivated various portions of the land involved in this litigation.
 

 It is shown that defendants’ vendors’ enumerated acts of possession began more than ten years before either of these suits was instituted.
 

 This court has held, in several well-cpnsidered cases, that the ’ exercise, by a title holder, of acts of possession of the character mentioned above, sufficiently evidence the record owner’s corporeal possession of the property.
 

 The prescription of ten years’ (Civ. Code, art. 3478) aequirendi causa is not affected by the interruption of an actual possession once begun, if followed by continuous civil possession. Civ. Code, art. 3487; Ellis v. Prevost, 13 La. 230; Wilcoxon v. Rogers, 16 La. 6.
 

 The possessor may add to his own possession that of his vendor, if both acquired in good faith. Civ. Code, art. 3493; Innis v. Miller, 10 Mart. (O. S.) 289, 13 Am. Dec. 330.
 

 Corporeal possession, under a deed translative of the property, of a part of a tract of land, with intention to possess the whole, entitles the possessor to prescribe as
 
 *212
 
 to the whole-. The principles stated are so fixed in the jurisprudence of the state that it is superfluous to cite the authorities supporting them.
 

 Por the foregoing reasons, the judgment, in each of the consolidated cases, is affirmed at the appellants’ cost.