179 So. 35

**FEAZEL v. PEEK et al.**

No. 34571.

Jan. 10, 1938.

Rehearing Denied Feb. 7, 1938.

Oliver & Digby and C. McVea Oliver, all of Monroe, for appellant.

Elder & Elder, of Ruston, and M. C. Redmond, of Monroe, for appellees.

LAND, Justice.

On November 14, 1935, the plaintiff, William C. Feazel, instituted this suit

against defendant Mrs. Ella Shute Peek, surviving widow in community of John A. Peek, and against his sole and only heirs, under Act No. 38 of 1908, to establish title to N.E.¼ of N.W.¼ and N. W.¼ of N.E.¼ of Sec. 8, Tp. 20, N., R. 4 E., situated in Union parish, La.

Plaintiff alleges that he acquired the land from H. E. Dawkins and A. P. Taylor by deed dated March 21, 1928, and duly recorded in the conveyance records of Union parish; and that Dawkins and Taylor acquired the property, April 7, 1926, from William, Bula, Lula, and Eula Atwell, sole heirs of Charles E. Atwell, who entered the property from the United States government on June 9, 1877, and that his sole heirs became owners of the land by patent from the United States government dated July 25, 1895, duly recorded in the conveyance records of Union parish.

In article 4 of plaintiff's petition, it is further alleged that John A. Peek, on June 24, 1899, recorded a pretended deed in the conveyance records of Union parish, covering the 80 acres in dispute in this case, purporting to be signed by T. J. Sharp and B. A. Fike; that T. J. Sharp and B. A. Fike owned no interest in the property, and by this pretended deed conveyed no title to John A. Peek; and that the recordation of this deed by John A. Peek constituted a slander and cloud on the title of plaintiff.

Plaintiff prays for judgment recognizing him to be the sole owner of the property in question, and that the recordation of the deed by John A. Peek be declared to be a cloud and slander upon the title of plaintiff, and that, as such, same be ordered erased from the records of Union parish.

On the other hand, defendants in their answer deny that the deed to John A. Peek from T. J. Sharp and B. A. Fike, recorded June 24, 1899, is a pretended deed, and aver that this deed was executed in good faith and the money paid therefor; that John A. Peek went into possession of the property as owner, and, since that date, through himself, and his tenants, and defendants, as his successors in title, has continued to remain in possession of the land as owner.

Defendants also deny plaintiff's allegation that T. J. Sharp and B. A. Fike owned no interest in the land, but aver that they purchased the same from the heirs of Charles Atwell in the year 1895 and took possession of the same immediately.

Defendants further deny that the recordation of the deed by John A. Peek was a slander of plaintiff's title. Averring that John A. Peek acquired the land in good faith, by virtue of a deed translative of property, and immediately went into the physical and notorious possession of the land and continued such possession for more than ten years, defendants pleaded the prescription of ten years acquirendi causa, in aid and support of their title; and also the prescription of thirty years.

By the judgment of the lower court, the plea of prescription of ten years was sustained, defendants were recognized as

the owners of the property in dispute, and plaintiff's demands were rejected with costs. From this judgment, plaintiff has appealed.

(1) On the trial of the case on its merits, defendants offered in evidence and sought to have filed the deed from T. J. Sharp and B. A. Fike to John A. Peek, dated April 12, 1899, and recorded in book 6, page 59, of the conveyance records of Union parish, covering the property in dispute.

Counsel for plaintiff objected to the deed being received in evidence on the grounds that it was not a notarial or public act, nor an act under private signature proved by one of the attesting witnesses.

Whether the deed meets the requirements of the law as to its admissibility in evidence, either upon its face, or whether the affidavit of only one of the two vendors, made after the confection of the deed, as to its execution by both of the vendors, is sufficient to prove the deed, under Act No. 68 of 1914, are matters of no importance in this particular case.

It was not necessary at all, for the purposes of this suit, for defendants to have offered the deed in evidence in order to maintain their title to the 80 acres of land in dispute.

Plaintiff has alleged in article 4 of his petition that: "Your petitioner further represents that John A. Peek, a resident of the parish of Ouachita, Louisiana, on June 24th, 1899, recorded a pretended deed covering the above described eighty (80) acres of land, which said deed purports to be signed by T. J. Sharp and B. A. Fike, which said pretended deed is recorded in Deed Book 6 at page 59, Union Parish Records; that the said T. J. Sharp and B. A. Fike owned no interest in said property and by said deed conveyed no title to the said John A. Peek and that the recordation of said deed by the said John A. Peek constituted a slander and cloud on the title of your petitioner."

It is clear that plaintiff has alleged the deed as a part of his case; and has brought it into the case, in order to attack it, destroy its effect, and have it erased from the public records. Plaintiff has alleged the existence of the deed, the signatures of the vendors on it, and its proper recordation in the public records of Union parish, facts admitted by defendants in their answer.

Parties to a suit are bound by their pleadings, and facts alleged in the petition and admitted in the answer do not have to be proved. This situation legally and clearly places the deed before the court for its consideration.

(2) The plea of prescription of ten years acquirendi causa was, in our opinion, properly sustained by the district judge, under the law and facts of the case.

In relation to the cultivation and improvements, the 160 acres of land described in deed from J. T. Sharp and B. A. Fike to John A. Peek, of date June 24, 1899, consist of four 40-acre contiguous tracts, described as W.½ of N.W.¼ N.E.¼ of N.W.¼ and N.W.¼ of N.E.¼ of Sec. 8, Tp. 20 N., R. 4 E., in Union parish, La.

■ It is well settled that, under such circumstances, occupancy of a part of a tract of land, by virtue of a title for the whole tract, is, for the purpose of the prescription of ten years acquirendi causa, possession of all the land within the boundaries or limits described in the deed. Leader Realty Co. v. Taylor, 147 La. 256, 84 So. 648; Eivers' Heirs v. Rankin's Heirs, 150 La. 4, 90 So. 419.

■ The deed from Sharp and Fike to John A. Peek is, upon its face, for a valuable consideration, and is translative of title to the property.

"Good faith is always presumed in matters of prescription; and he who alleges bad faith in the possessor, must prove it." Rev.Civ.Code, art. 3481.

Under cross-examination by able counsel for plaintiff, Mrs. Ella Shute Peek, widow of John A. Peek, testified that Mr. Peek believed he owned the land and was not aware of any defect in title. Plaintiff elicited this statement and never made any attempt to disprove it. Mr. Peek was presumed to be in good faith, until the contrary was proven.

John A. Peek was a merchant in Ouachita City, Union parish, for many years and owned considerable real estate in that vicinity. He immediately caused the deed to him from Sharp and Fike, dated June 24, 1899, to be recorded in the conveyance records of Union parish and immediately took actual possession of the entire tract as owner.

As stated in the written opinion of the trial judge: "He returned it for taxation and paid all taxes due thereon until the year of his death, 1929, except, of course, the portion which he sold in 1916. As soon as he acquired it he began to clear and fence it and soon had a considerable portion of it in cultivation. That is true particularly of the W.½ of N.W.¼ of Section 8. He also cleared, fenced and cultivated a part of the N.E.¼ of N.W.¼ and N.W.¼ of N.E.¼ of Section 8. He built a house on the tract. He rented portions of it and collected rent on it. He cut hay and timber on it. He did all of these things openly, peaceably and publicly. He sold the W.½ of N.W.¼ of Section 8 to Sam Mose in the year 1916. Nobody ever questioned his ownership of said land either in whole or in part, from the date Mr. Peek bought it until the year 1926, when the Atwell heirs quitclaimed the portion in controversy to plaintiff's vendors—a period of at least 26 years. During that period of 26 years none of plaintiff's ancestors in title paid any taxes on the land. Plaintiff must have purchased this land with knowledge of all of these facts. All these acts of ownership and possession took place and were taking place between the years 1899 and 1916. As has already been stated Mr. Peek sold the west 80 acres in 1916 to Sam Moses. In 1917 he moved from Ouachita City, the locality of this property, to Monroe. That year, that is, the year 1917, seemed to end his active possession of the land in question. But, during the period from 1899 to 1916, he acquired a good title to the land under the prescription of ten years acquirenda causa. Rev.Civ.Code, art.

3478; Barnett et al. v. Botany Bay Lumber Co. et al., 172 La. 205, 133 So. 446, and cases therein cited.

"It is not necessary to pass on the plea of thirty (30) years prescription acquirenda causa." T. p. 73.

For these reasons, the trial judge sustained the plea of prescription of ten years, recognized defendants to be the sole and only owners of the land in dispute, and rejected plaintiff's demand, with costs.

The facts found by the trial judge on the plea of prescription in favor of defendants are, in our opinion, amply supported by the testimony for defendants in the record. See testimony of Jenny Brown, Charles Gulley, W. A. Kirkpatrick, Mirvin Penny, J. M. McKee, and Mrs. Wilba Peek Wolle, pages 97 to 128 of transcript.

Judgment affirmed.