LOTTINGER, Judge.
The appellants instituted this possessory action claiming that they were the heirs of Charles Zeringue and his wife, and, as such, were the owners in indivisión of all of fractional Section 110, Township 15 South, Range 18 East, Lafourche Parish, Louisiana. In their petition they asserted that certain oil, gas and mineral leases granted by the appellees were constituting a continuous slander of their title and a disturbance in law of their title. In their petition, appellants'prayed that the appellees be ordered to “assert their adverse claims of ownership of said property” and that ultimately they “be maintained in possession thereof free of all adverse claims and pre-tentions of the defendants”. The appellants in their petition claimed ownership of Section 110, T 15 S, R 18 E, by virtue of a patent issued to Charles Z.eringue by the State of Louisiana on July 3, 1857.
The appellees excepted to the petition of the appellants and pleaded the prescription of five, ten and thirty years, asserting that they were the owners of the southernmost 14.1736 acres in Section 110, T 15 S, R 18 E. Appellees traced their title to the property to a sale from’ John Lemuel Thibodaux to Mrs. Marie Adele Chauvin, wife of Zeph-erin Toups, on December 16, 1895, which deed is of record in the Conveyance Records of the Parish of Lafourche, Louisiana. By virtue of said deed, the following described property was conveyed:
A certain tract of land situated in the Parish of Lafourche, Louisiana, on the left bank of the Bayou Lafourche, -at about seven miles below the town of Thibodaux, measuring about one and a half arpents front on said bayou, with a depth extending between the side lines, from said bayou to their intersection with the line between Township 15 So. of R. 17 East and Township 15 S. of R. 18 East, that is to say so much of said land as is inside of said Township 15 S. of R 17 East, bounded above by a line drawn in the center of the Plantation road separating it from the lands of the Purchaser and below by lands of the vendor, with all the buildings and improvements thereon.
Being the same land acquired by the vendor of Meyer Well December 10th, 1888, by act before the undersigned notary, with all the buildings and improvements thereon.
2d. Another certain tract of land also in this parish lying immediately in the rear of the tract above described and partly in the rear of tract of purchaser; the *840 lower line whereof extends six arpents back and is the continuation of the lower line of the tract above described; the rear line whereof running due north west so as to intersect the Township line between T 15 S, of R 17 & T. 15 S of R. 18 East at some point in the rear of the lands of the purchaser situated just above the tract herein firstly de-cribed.
Being a part of same property acquired by vendor of Charles Zeringue on the __ day of_, 18-
These two pieces or tracts of land are contiguous and the tract listed secondly above is the property which is the subject of this litigation. This property was purchased along with a third contiguous tract previously owned by Mrs. Toups and referred to in the above description by Libby and Blouin, Ltd., at a Sheriff’s sale in No. 5804 of the docket of the Seventeenth Judicial District Court entitled “Libby & Blouin, Ltd., vs. Mrs. Zepherin Toups”, dated April 4, 1925, recorded in the records of Lafourche Parish, Louisiana. On April 24, 1925, Libby & Blouin, Ltd., sold the 'three contiguous tracts to J. Louis Blouin by deed recorded in the conveyance records of Lafourche Parish, and the property therein conveyed was described as follows:
(1)A certain tract of land situated in Lafourche Parish, La., on the left bank of Bayou Lafourche, about seven miles below the Town of Thi-bodaux, measuring two and one-quarter arpents front, more or less, on Bayou Lafourche, with a depth extending between the side lines from said Bayou Lafourche to their intersection with the line between Township 15 S., R. 17 East, and Township 15 S., R. 18 East, that is to say, so much of said land is inside of Township 15 S., R. 17 East; said tract of land being bounded above by lands of Emile Richard and below by lands hereinbelow described, the lateral lines opening as they recede from said Bayou" Lafourche; together with all the buildings and improvements thereon and all the rights and privileges thereto belonging.
(2) A certain tract of land, situated in the Parish of Lafourche, La., on the left descending bank of Bayou La-fourche, at about seven miles below the Town of Thibodaux, measuring about one and one-half arpents front on said Bayou with a depth extending between the side lines from said Bayou to their intersection with the line between Township 15 south, ' range 17 east, and township 15 south, range 18 cast, that is to say, so much of said lands as are inside of township 15 south, range 17 east, bounded above by a line drawn in the center of the plantation road separating it from the lands herein firstly described and below by lands of Succession of J. L. Thibodaux; together with all the buildings and improvements thereon.
(3) Another certain tract of land also situated in the Parish of Lafourche, lying immediately in the rear of the tract herein secondly described and partly in the rear of the tract herein firstly described the lower line thereof extends six arpents back and is a continuation of the lower line of the tract secondly described, the rear line thereof running due north west so as to intersect the township line between township 15 south, range 17 east and township 15 south, range 18 east, at some point in the rear of lands herein firstly described.
by deed recorded in Conveyance Book 56, folio 440, Entry No. 11402.
The tract of land thirdly described above is also the property which is the subject of this litigation.
J. Louis Blouin died on January 12, 1940, and Mrs. Catherine Bruns Blouin, his *841 wife, and J. Louis Blouin, John B. Blouin, Mrs. Mary Blouin Power were placed in possession of the property by Judgment of Possession rendered August 14, 1940, which was also recorded in the Conveyance Records of Lafourche Parish, Louisiana. Mrs. Catherine Bruns Blouin died on April 24, 1963, and J. Louis Blouin, John B. Blouin and the children of Mrs. Mary Blouin Power were placed in possession of said property by Judgment of Possession of the Seventeenth Judicial District Court which was likewise recorded in the conveyance records of Lafourche Parish, Louisiana.
The only portion of the above described property in controversy is the 14 acre tract above described which is situated in Section 110, T IS S, R 18 E. The Blouin family agrees and admits that the Zeringue family owns the balance of Section 110, and the Zeringue family admits that tracts One and Two of the latter description are the property of the Blouin family, and there is no dispute on that point.
The trial on appellees’ exception of prescription was heard on June 2, 1964, and on or about September 21, 1964, appellants filed what they styled an “Alternate Pleading of Prescription”, however, this exception or plea was never set down for trial and no evidence was ever taken with reference to it. The Trial Judge maintained appellees’ exception of 10 year prescription and ordered the plaintiffs’ suit dismissed. It is from that judgment of dismissal that the appellants have appealed, alleging two assignments of error.
Appellants’ first assignment of error is that the Trial Judge erred in. holding that one may obtain a title to immovable property by prescription without exercising any actual possession over the property claimed by prescription, and secondly that he likewise erred in failing to consider the plaintiffs’ alternative plea of prescription after maintaining defendants’ plea of prescription.
Counsel for appellants urges in connection with the first assignment of error 'that the Court’s ruling is contrary to the decision of the Supreme Court of Louisiana in Sessions v. Tensaw River Planting Company, 142 La. 399, 76 So. 816. Appellees urge that the Trial Judge correctly applied the rule announced in Leader Realty Company v. Taylor, 147 La. 256, 84 So. 648, that “possession of a part of a tract of land, by one who holds a title deed for the whole tract, has possession of the whole tract * * Counsel for appellant urges that the two decisions are utterly irreconcilable in that he is unable to distinguish the factual situations presented in the two. The Sessions case was decided by the Supreme Court in 1917 and the Leader case was decided by the same Court in 1920, and counsel concedes that the Leader case, being a later expression of the Court, while not specifically overruling the Sessions case, is entitled to greater weight. Counsel also admits in his brief that the Leader case, as to the particular point at issue here, has been more frequently cited since its rendition by the appellate courts of this state. He, however, submits to us that the doctrine of the Leader case is fundamentally erroneous and that its application to land title in the field of prescription would result in incalculable damage and disorder.
There is testimony in the record which indicates that the defendants and their ancestors in title resided on the front tracts of land and executed various acts of actual possession on the front lands and there is documentary evidence to the effect that the appellees have a title to the front property. The record further reflects that ever since Mrs. Zepherin Toups purchased the property there has been possession by her and her successors in title, the Blouin family; that Mrs. Toups and the Blouin family have paid the taxes on the property ever since they acquired it in 1895; and that ever since the late 1920’s, the Blouin family has granted oil, gas and mineral leases on all of the property hereinabove described ; and that the Blouins have actually lived on and cultivated the front lands; *842 and that the 14 acre tract in question has been placed in a production unit by the Commissioner of Conservation of Louisiana, and that the royalties for minerals produced from this tract have been paid to the appellees. It is agreed by all parties that the surface of the 14 acre tract is low, inaccessible swamp land, which one of appellees’ witnesses describes as being only good for growing crayfish.
It is the appellants’ position that since the appellees have shown no actual possession of any portion of Section 110, and since the property located in this section is one tract merged with other tracts, that pursuant to Article 3487, LSA-C.C., ap-pellees are not entitled to claim title by ten year prescription to this 14 acre tract. The Trial Judge did in fact apply the Leader case to these facts and held that the possession exercised by the appellees over the two front tracts constituted possession of the entire tract as per the rule announced in that case.
We might mention here that the record reflects that the Zerinque family admittedly had no knowledge of any pretense of ownership that they might have to Section 110 until the year 1939, at which time some member of the family obtained from Baton Rouge a copy of the original patent of Charles Zeringue, which he then placed of record in the Clerk’s Office in Lafourche Parish, Louisiana. Applying the law of ten year prescription as found in Articles 3478 through 3498, LSA, R.C.C., we find that Article 3478 provides that “[h]e who acquires an immovable and in good faith and by just title prescribes for it in ten years”. According to Article 3479, to' acquire the ownership of immov-ables by ten year prescription, four conditions'must occur:
1. . Good faith on the part of the pos- • sessor.'
2. A title which shall be legal and suf- ' ficient to transfer the property.
3. Possession during the time required by law, which possession must be accompanied by the incidents required by Article 3487, and
4. An object which may be acquired by prescription.
The appellants do not contest the good faith on the part of the appellees’ ancestors in title, and pursuant to the provisions of Article 3481, good faith is always presumed in matters of prescription, and he who alleges bad faith in the possessor must prove it. Appellants have adduced no proof of bad faith, and the first requirement of Article 3479 has thus been satisfied. The appellants do not urge that the titles of appellees’ ancestors in title were not legal and sufficient to transfer the property in question, and it is quite apparent from the several deeds and conveyances included in the record that they were in the usual form and of the type utilized to transfer property rights and interests. Thus, the second requirement of Article 3479 has been satisfied.
The appellants do not urge that the property in question was not an object which may be acquired by prescription and it is obvious that it is in fact subject to prescription, thus the fourth requirement of Article 3479 has been satisfied.
With reference to the third requirement of Article 3479, Article 3487 provides as follows:
“[t]o enable one to plead the prescription treated of in this paragraph, it ,is necessary that the possession be distinguished by the following incidents: 1. That the possessor shall have held the thing in fact and in right, as owners; when, however, it is only necessary to complete a possession already begun, the civil possession shall suffice, provided it has been preceded by the corporal possession. 2. That the possession shall have been continuous and uninterrupted, peaceable, public and unequivocal; a clandestine possession *843 would give no right to prescribe; but he who possesses by virtue of a title can not be considered as a clandestine possessor, for his title leads to the supposition that the possession commenced in good faith, and that it is sufficient to enable him to plead prescription.”
Appellants admit that appellees acquired “three contiguous tracts of land, each separately described, in one deed”; that the "defendants and their ancestors in title resided on the front tracts of land and executed various acts of actual possession on the front lands; and “that the appellees have a valid and merchantable title to the front property”. Appellants’ chief complaint is, of course, that the appellees have shown no actual possession of any portion of Section 110 and since the property located in that section is one tract merged with other tracts that pursuant to Article 3487, appellees are therefore not entitled to claim title by ten year prescription to this 14-acre tract of land. Article 3498, the last article under the section on ten years’ prescription provides as follows:
“When a person has a title and possession conformably to it, he is presumed to possess accqrding to the title and to the full extent of its limits.”
In addition, Article 3437 in the chapter on possession, provides as follows:
“It is not necessary, however, that a person wishing to take possession of an estate should pass over every part of it; it is sufficient if he enters on and occupies a part of the land, provided it be with the intention of possessing all that is included within the boundaries.”
These various codal provisions were considered together in the Leader case wherein the land in question contained 129.67 acres and was made up of one tract containing 99.04 acres and one tract containing 30.63 acres. The point of contact between the two tracts was only 18 feet wide. A large portion of the 99 acre tract was under fence and in cultivation and was occupied by a store and other buildings by Taylor’s authors in title. They also paid taxes on the entire tract of land. The land in contest was the rear 30.63 acres. In sustaining Taylor’s plea of ten year prescription the Court made the following observations:
“Article 3437 declares that it is sufficient for a person wishing to tfike possession of an estate to enter upon and occupy a part of the land, provided it be with the intention of possessing all that is included within the boundaries. The word ‘boundaries’ in that article means the limits or marks of enclosures if the possession be without title, or the boundaries or limits stated in the title deed if the possession be under á title. That is made plain by Article 3498 which declares that
‘when a person has a title and possesses conformably to it,' he is presumed to possess according to the title and tb the full extent of its limits.’
There is a further explanation in Article 3503, declaring that with regard to the prescription of 30 years, which is acquired without title, the possession extends only 'to that which is actually possessed by the person pleading the prescription. * * * It is well settled, however, that Article 3503 has no application to the prescription of ten years; as to which a person who possesses a part of a tract of land, under a title for the whole tract,- is presumed to possess the entire tract as defined in his title.”
We agree with the statement of counsel for appellants that'the Leader case, -being a later expression of the Court, while not specifically overruling the Sessions case, is entitled to greater weight; and that the Leader case, as to the particular point at issue here, has been more frequently cited since its rendition by appellate courts of this state. The Sessions case has only been cited by Louisiana Courts on three occasions -and then not for the proposition *844 advocated by appellants. The Leader case, on the other hand, has been followed on many occasions and for the proposition that “a possession of a part of a tract of land is possession of the whole” for purposes of ten year prescription. See Finley v. Louisiana Central Lumber Company, 204 La. 1058, 16 So.2d 839 (1944); Smith v. Southern Kraft Corporation, 202 La. 1019, 13 So.2d 335 (1943); Feazel v. Peek, 189 La. 61, 179 So. 35 (1938); Tremont Lumber Company v. Powers and Critchett Lumber Company, 173 La. 937, 139 So. 12 (1932); Barnett v. Botany Bay Lumber Company, 172 La. 205, 133 So. 446 (1931) and Louisiana-Delta Hardwood Lumber Company v. Johnson, La.App., 19 So.2d 687 (1944).
The record shows no actual possession on the part of Charles Zeringue prior to 1895, and it is likewise devoid of any indication or evidence that any of the appellants or any of their ancestors possessed any portion of Section 110 from 1895 to 1939. No taxes were paid on the land in question by the Zeringue family until 1939. Our reading of the record convinces us that in 1905 Mrs. Marie Adele Chauvin Toups perfected her title to the 14 acre tract in question by virtue of her title and ten years acquisitive prescription. Again in 1935 the Blouin family perfected their title to the 14 acre tract by virtue of the same prescription. The appellants admit that their only claim to Section 110 is by inheritance as heirs from Charles Zeringue and his wife. They must therefore stand in the stead of Charles Zeringue and can be accorded no greater rights than he would have if he were still alive. When the appellants recorded the 1857 patent in 1939, whatever interest they may have had in that 14 acre tract had been prescribed against on the face of the public records.
The appellant’s second specification of error is that the Trial Judge erred in failing to consider plaintiffs’ Alternate Plea of Prescription after maintaining defendants’ plea of prescription. Subsequent to the trial and argument of defendants’ plea of prescription, and while the Trial Judge still had the exception under advisement, appellants filed an alternative plea of prescription coupled with a Motion to Reopen the matter. This was based upon alleged “new evidence of possession by Charles Zeringue their ancestor in title, prior to the adverse possession claimed by exceptor * * * ”. The defendants filed an answer to the Motion to Reopen urging that any evidence of possession prior to the adverse possession claimed by defendants was irrelevant and immaterial since prescription accrued after 1895 and whatever evidence would be submitted prior to that date could not affect the prescription acquired by the defendants. We believe that any evidence which would have been introduced relative to possession by Charles Zeringue prior to 1895 would in fact have been irrelevant, as it could in no way affect the prescriptive title acquired by defendants from and after that year. The Trial Judge in his written reasons for judgment stated in substance that the facts which supported the sustaining of defendants’ plea of prescription, made it unnecessary for him to pass upon the alternative plea of prescription and the motion to reopen. In this regard, we believe that the Trial Judge was correct, and therefore find no merit in appellants’ second specification of error.
We believe that the Trial Judge was correct in his application of the Leader case rather than the Sessions case to the facts with which we are here concerned. The Leader case certainly, in our opinion, represents the latest expression of the Supreme Court on the subject, having been cited with approval by that Court on many occasions. The Sessions case, on .the other hand, stands virtually alone holding to the contrary, and, while it has not been expressly overruled, it has most definitely been ignored by the appellate courts in this state.
*845 We believe that the record clearly supports the Trial Judge’s conclusion that the appellees’ plea of ten year prescription is valid.
Accordingly, the judgment of the District Court is affirmed, appellants to pay all costs of this appeal.
Judgment affirmed.