**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-30808**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA, on behalf of**
**United States Department of Agriculture,**

**Plaintiff-Appellee,**

**versus**

**DAVID L. LASYONE, SR.,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(95-CV-2011)**
_____

**December 19, 1996**

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

To resolve a 60 year title dispute, the United States, on behalf of the United States Department of Agriculture, filed an action to quiet title to 161.41 acres of the Kisatchie National Forest, claimed by the United States (as a result of transactions in 1930 and 1937) and David L. Lasyone. The United States also sought damages for trespass. Lasyone counterclaimed, asserting

---

[*]    Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

title through acquisitive prescription, based on a 1919 quitclaim deed. Partial summary judgment was granted for the United States on its quiet title claim and against Lasyone's counterclaim. That partial judgment became final upon entry of an order, on motion by the United States, dismissing its remaining claim.

Lasyone's challenge to the adverse summary judgment on his acquisitive prescription counterclaim is without merit. He failed to establish a genuine issue of material fact for continuous possession, an essential element of his claim. *See* LA. STAT. ANN.-C.C. art. 3475. His family's occasional timber-cutting and use of the property for cattle grazing during a period when an open-range policy was in effect does not constitute the taking of actual possession under Louisiana law. *See **Broussard v. Motty***, 174 So. 2d 246, 249 (La. App. 3d Cir. 1965) (grazing cattle on unenclosed land insufficient possession to establish acquisitive prescription); ***Johnson v. La Bokay Corp.***, 326 So. 2d 589, 594 (La. App. 3d Cir. 1976) (stock grazing on open range territory did not constitute active possession sufficient to maintain possessory action); ***Olinkraft, Inc. v. Allen***, 333 So. 2d 250, 254 (La. App. 2d Cir. 1976) (occasional cutting and removal of timber from isolated tract of forest land insufficient to prove actual possession for purposes of acquisitive prescription); ***Oliver v. Kennington***, 458 So. 2d 130, 134 (La. App. 2d Cir.), *writ denied*, 460 So. 2d 610 (La. 1984) (same).

And, contrary to Lasyone's assertions, the 1960 Affidavit of Possession signed by ten lifelong residents of Grant Parish does not establish the existence of a material fact issue as to whether his family possessed the disputed property during the prescriptive period (1919-1929). As the district court noted, the affidavit is factually incorrect regarding the date and manner of acquisition of the property, and does not specify dates on which alleged acts of possession occurred.

For the foregoing reasons, the judgment is

*AFFIRMED.*